

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0917-08

**ANGEL RESENDEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., and WOMACK, KEASLER, HERVEY and COCHRAN, JJ., joined. HOLCOMB, J., filed a dissenting opinion in which MEYERS and JOHNSON, JJ., joined.

## O P I N I O N

The appellant gave a videotaped statement in which he confessed to shooting Amanda Garza. He later pled guilty to her murder, and the trial court found him guilty and assessed punishment at ninety-nine years in prison. The Fourteenth Court of Appeals reversed and remanded, holding that the trial court erred when it denied the appellant's motion to suppress the confession because the police had failed to memorialize the appellant's *Miranda* warnings on the videotape as required by Code of Criminal Procedure Article 38.22, Section

3(a)(2).[1] We granted the State's petition for discretionary review in order to determine (1) whether the court of appeals was correct in holding that the appellant preserved his Article 38.22 argument for appeal, and (2) whether the appellant was in custody when he gave his videotaped confession.[2] Because we hold that the appellant did not preserve his Article 38.22 argument for appeal, we reverse the court of appeals's judgment.

## BACKGROUND

### Videotaped Confession

During the investigation into the murder of Amanda Garza, the appellant gave two videotaped statements to the police. In the first statement, the appellant alleged that another man, Steve Perez, had fired the four shots that killed Garza. Before this statement, the police gave the appellant *Miranda* warnings. Two days later, the appellant gave a second statement in which he confessed to firing the first shot at Garza. The police did not give the appellant *Miranda* warnings either before or during this second statement.

### Motions to Suppress

The appellant filed two motions to suppress his second statement. The first motion, filed by the appellant's first attorney in September of 2003, contained both constitutional and statutory arguments:

---

[1] *Resendez v. State,* 256 S.W.3d 315, 336–37 (Tex. App.—Houston [14th Dist.] 2007); TEX. CODE CRIM. PROC. art. 38.22, § 3(a)(2); *Miranda v. Arizona,* 384 U.S. 436 (1966).

[2] TEX. R. APP. P. 66.3(c).

- At the time of any conversations between [the appellant] and law enforcement officers, [the appellant] was (a) under arrest or (b) substantially deprived of freedom by the conduct of the law enforcement officers and the circumstances surrounding the arrest or deprivation of freedom.

- Any statements made by [the appellant] were involuntary and were coerced and enticed from [the appellant].

- [The appellant] was deprived of his right to counsel and [he] did not make an intelligent and knowing waiver of that right.

- The statements made by [the appellant] were tainted by the illegal and unlawful detention and arrest of [the appellant], in violation of [his] constitutional rights under the Fifth [sic: Fourth?] and Fourteenth Amendments of the Constitution of the United States, Article I, Section 9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.

- *Statements made by [the appellant] were taken without the safeguards required by and in violation of Article 38.22 of the Code of Criminal Procedure.*[3]

- The admission of statements by [the appellant] is a violation of [his] rights pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9 and 10 of the Texas Constitution, and Articles 1.05 and 38.23 of the Texas Code of Criminal Procedure.

Without having obtained a suppression hearing, the appellant retained new counsel. And in October of 2004, thirteen months after the filing of the first motion, the appellant's new attorney filed a second motion to suppress. This second motion contained only constitutional arguments:

---

[3] Emphasis added.

- During the investigation of this case, the [appellant] has given a statement which the State of Texas intends to use against him. This statement is a confession [in which the appellant] admits to shooting the complaining witness without legal justification.

- It is the position of the [appellant] that this confession was elicited in violation of his rights as guaranteed by the Constitution[ ] of the United States, under the Fifth Amendment, and the Constitution of the State of Texas, Article I. Further, [the appellant] argues that this confession was taken contrary to the manner in which the Criminal Courts have interpreted those statutes.[4]

In November of 2004, shortly after the filing of the second motion, the trial court conducted a suppression hearing. During the hearing, the appellant argued that his second videotaped statement was "inadmissable, essentially an involuntary statement given by the [appellant] not understanding certain rights that had been guaranteed him both under *Miranda* and our State Constitution[.]" The appellant never referred directly to Article 38.22. The record of the hearing reveals the following colloquy:

> [Appellant's Counsel]: Again, there's nothing on [the transcript of the videotape] which would be reflective of him being read his Miranda warnings at the beginning, that it's a verbatim transcript of what he simply said. They did not *Mirandize* him on the tape, which they did not do, that's clear. The Court's had an opportunity to review that tape, [the transcript] is not going to be reflective of any *Miranda* warnings given thus far.
>
> THE COURT: I understand, counsel. You have made a fine point of law.

Later in the hearing, the State's counsel said, "We will stipulate nowhere on the videotape

---

[4] Although the appellant included the word "statutes" in this final bullet-point, it appears that he was referring to the constitutional provisions previously listed. If he intended to refer to any statutory provisions, he never identified them.

of State's Exhibit No. 2-A is there *Mirandized* warnings [sic] given to this defendant[.]" The trial court ultimately denied the motion to suppress.

## Court of Appeals

On direct appeal, the appellant argued that the trial court erred in denying his motion to suppress because "the videotape does not contain a waiver of appellant's rights under *Miranda* and the state confession statute" and because "the videotape does not contain the warnings required by Article 38.22 of the Code of Criminal Procedure." Code of Criminal Procedure Article 38.22, Section 3(a)(2) provides that oral statements made during custodial interrogation are not admissible as evidence unless "prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning."[5]

The court of appeals issued a published opinion in which it reversed the appellant's conviction.[6] The State then filed a motion for rehearing. The court of appeals overruled the motion, but it withdrew its original opinion and issued a substitute opinion in which it again reversed the appellant's conviction; it held that, because the appellant was in custody when he gave his second statement, the absence of *Miranda* warnings rendered the statement

---

[5] TEX. CODE CRIM. PROC. art. 38.22, § 3(a)(2).

[6] *Resendez v. State,* No. 14-05-00098-CR, 2006 Tex. App. LEXIS 10138, at *1 (Tex. App.—Houston [14th Dist.] Nov. 28, 2006) [hereinafter *Resendez I*], *withdrawn and overruled,* 256 S.W.3d 315 (Tex. App.—Houston [14th Dist.] 2007).

inadmissible as a matter of federal and state constitutional law.[7]

After the court of appeals issued its substitute opinion, the State filed a second motion for rehearing in which it argued that it was irrelevant for constitutional purposes whether the appellant was in custody during the second interview because the *Miranda* warnings given during the first interview remained in effect during the second interview two days later. The appellant responded by reiterating that even if the *Miranda* warnings remained in effect two days later, the statement was inadmissible as a matter of state law under Article 38.22, Section 3(a)(2), because the police did not memorialize any *Miranda* warnings on the videotape.

Although the court of appeals did not grant rehearing, it did issue a supplemental opinion. In the supplemental opinion, the court of appeals concluded that the *Miranda* warnings that the police gave to the appellant before his first statement remained in effect during his second statement, and thus there were no violations of federal or state constitutional law.[8] But the trial court nevertheless erred in denying the motion to suppress the appellant's second statement, the court of appeals held, because the police did not record any *Miranda* warnings on the videotape, as required by Article 38.22, Section 3(a)(2).[9] The

---

[7] *Resendez v. State,* 256 S.W.3d 315, 327 (Tex. App.—Houston [14th Dist.] 2007) [hereinafter *Resendez II*].

[8] *Resendez II, supra,* at 333.

[9] *Id.* at 336–37.

court of appeals rejected the State's argument that the appellant had not preserved the Article 38.22 claim for appeal, holding that the appellant had invoked the Article 38.22 violation with sufficient specificity during the suppression hearing.[10] Moreover, the court of appeals held, it was clear that the trial judge and opposing counsel understood that the appellant was making this statutory argument:[11]

> We need not engage in speculation as to whether the court was aware of appellant's complaint. The trial court's statement [that it understood appellant's argument] and the prosecutor's stipulation [that nowhere on the videotape are there *Miranda* warnings] indicate they both understood appellant's counsel was arguing a violation of the Code due to the absence of *Miranda* warnings on the videotape. We find the argument made during the suppression hearing was sufficient enough to put the trial court on notice appellant was arguing a violation of Article 38.22, Section 3(a)(2).[12]

## THE LAW

Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."[13] Likewise, under Rule 103 of the

---

[10] *Id.* at 335.

[11] *Id.*

[12] *Id.*

[13] TEX. R. APP. P. 33.1(a)(1)(A).

Texas Rules of Evidence, error may not be predicated upon a ruling which admits or excludes evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context."[14]

The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint.[15] Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."[16] The parties, not the judge, are responsible for the correct application of evidentiary rules; in order to preserve a complaint for appeal, the complaining party must have done everything necessary to bring the relevant evidentiary rule and its precise and proper application to the trial court's attention.[17]

---

[14] TEX. R. EVID. 103(a)(1).

[15] *Zillender v. State,* 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).

[16] *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

[17] *Reyna v. State,* 168 S.W.3d 173, 176-77 (Tex. Crim. App. 2005) (quoting 1 Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 103.2 (2d ed. 1993), at 13–14).

But we cannot consider just the specific complaint in question; we must also look at the context. When the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection.[18] But when the context shows that a party failed to effectively communicate his argument, then the error will be deemed forfeited on appeal.[19]

## ANALYSIS

### The Motions to Suppress

Neither of the appellant's written motions to suppress preserved his Article 38.22 complaint for appeal. In the first motion, the appellant argued that the videotaped statements "were taken without the safeguards required by and in violation of Article 38.22 of the Code of Criminal Procedure." This claim is insufficient in itself to preserve for appeal the specific argument that police failed to memorialize his *Miranda* warnings on tape as required by Article 38.22, Section 3(a)(2). Article 38.22 contains a number of subsections that could have been applicable to the appellant's videotaped statement.[20] The appellant's argument, however, contained little more than a citation to the statute and did not bring the specific

---

[18]  *Zillender v. State, supra.*

[19]  *Lankston v. State, supra*; *see also Ex parte Little,* 887 S.W.2d 62, 66 (Tex. Crim. App. 1994) ("It is only when the nature of a defendant's complaint is unclear that we should consider his objection waived.").

[20]  TEX. CODE CRIM. PROC. art. 38.22, § 3.

violation of Article 38.22 to the trial court's attention.[21]  In any event, the trial court never ruled on the appellant's first motion to suppress.  The appellant's second motion to suppress, moreover, did not mention Article 38.22 at all, instead relying exclusively on constitutional arguments.

## The Suppression Hearing

Notwithstanding these deficiencies in the appellant's motions to suppress, the court of appeals held that the appellant alerted the trial court to his Article 38.22, Section 3(a)(2) complaint during the suppression hearing when he asserted that the police "did not *Mirandize* him on the tape."[22]  The court of appeals also held that statements by the trial court and opposing counsel indicated that they both "understood appellant's counsel was arguing a violation of the Code due to the absence of *Miranda* warnings on the videotape."[23]  We do not believe that this is an accurate interpretation of either the appellant's argument or the statements made by the trial court and opposing counsel.

Three of our more recent cases support the contention that a complaint that could, in

---

[21] *See Swain v. State,* 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (holding that the appellant's argument in his motion to suppress, that "any statements made by [the appellant] were obtained in violation of his right to counsel and his right against self-incrimination as guaranteed by U.S. Const. amends. V, VI, and XIV, and Tex. Const. art. I, §§ 10 and 19," was too global in nature to preserve for appeal the specific argument that the police had violated the appellant's right to counsel under the Fifth and Sixth Amendments by questioning him after he appeared before the magistrate and requested counsel).

[22] *Resendez II, supra,* at 335.

[23] *Id.*

isolation, be read to express more than one legal argument will generally not preserve all potentially relevant arguments for appeal. Only when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved. For example, in *Keeter v. State,* the appellant filed a motion for new trial in which he submitted evidence that he argued established his innocence: an affidavit in which the complaining witness recanted her trial testimony, and an affidavit from the complainant's stepmother, the outcry witness, in which she said that she had told the prosecutor before the trial that she did not believe the complainant's allegations.[24] The appellant argued that it should have been apparent that he was making a *Brady* claim because it was "intertwined" with the recantation evidence.[25] We held, however, that "the factual issues may have been intertwined, but the legal issues were not."[26] Because the broader context of the motion and hearing suggested that the recantation evidence was offered to support an actual-innocence argument, and because the appellant did not mention his *Brady* claim in his motion for new trial or during the hearing, he did not preserve this argument for appeal.[27]

---

[24] *Keeter v. State,* 175 S.W.3d 756, 757 (Tex. Crim. App. 2005).

[25] *Id.* at 759; *Brady v. Maryland,* 373 U.S. 83 (1963) (holding that suppression of evidence upon request, where the evidence is favorable to an accused and material to guilt or punishment, is a violation of the Due Process Clause of the Fourteenth Amendment).

[26] *Keeter v. State, supra,* at 760.

[27] *Id.* at 760–61.

Similarly, in *Reyna v. State,* the appellant sought to introduce evidence at trial of a victim's prior false accusation, arguing that he was offering the evidence for "credibility" purposes, not to prove "the truth of the matter asserted" or "to go into her sexuality."[28] On appeal, he argued that the trial court had erred by excluding this evidence because he was denied his right to "fully cross examine critical witnesses, including but not limited to the accusing witness"; the court of appeals resolved this issue in the appellant's favor, citing two cases relying on the Confrontation Clause.[29] We held that, while the references to the "truth of the matter asserted" and the victim's "sexuality" clearly indicated arguments based on the Rules of Evidence, the reference to "credibility" could have been a reference to either the Rules of Evidence or the Confrontation Clause.[30] Because the appellant did not "'clearly articulate' that the Confrontation Clause demanded admission of the evidence, the trial judge 'never had the opportunity to rule upon this rationale.'"[31]

Finally, in *Buchanan v. State*, the appellant's statement at the suppression hearing closely mimicked the language of Code of Criminal Procedure Article 14.05, which provides

---

[28] *Reyna v. State, supra,* at 175.

[29] *Id.* at 175–76.

[30] *Id.* at 179.

[31] *Id.* (quoting *Clark v. State,* 881 S.W.2d 682, 694 (Tex. Crim. App. 1994)).

for an officer's right to enter a residence when making an arrest without a warrant.[32] This Court, however, held that because the appellant's broader argument centered on constitutional claims, he had not preserved the Article 14.05 argument for appeal: "trial counsel's allusions to 'consent' and 'exigent circumstances' do not necessarily or exclusively refer to Chapter 14, so as to make it 'obvious' that the appellant was raising it in addition to his purely constitutional claim."[33]

The statutory argument at issue in this case, the violation of Article 38.22, Section 3(a)(2), is legally distinct from the constitutional argument. Even if a suspect is given *Miranda* warnings and his constitutional rights have not been violated, an oral confession may still be inadmissible if the police fail to comply with the purely statutory requirement that they capture the *Miranda* warnings on the electronic recording.[34] The words "they did not *Mirandize* him on the tape," in isolation, could indicate that the appellant was complaining that the police had not memorialized his *Miranda* warnings on videotape as required by Article 38.22, Section 3(a)(2). In context, however, the record suggests that the

---

[32]

*Buchanan v. State,* 207 S.W.3d 772, 777 (Tex. Crim. App. 2006); TEX. CODE CRIM. PROC. art. 14.05.

[33]

*Buchanan v. State, supra*, at 777.

[34]

*See Davidson v. State,* 25 S.W.3d 183, 186 n.4 (Tex. Crim. App. 2000) ("[Article] 38.22 merely prescribes the various requirements that must be satisfied before a statement made by an accused as a result of custodial interrogation will be admitted against him/her at trial. That such requirements are not met does not mean that the statement was necessarily obtained as a result of any legal or constitutional violation[.]").

appellant was using the absence of videotaped warnings to show that he had not been *Mirandized* at all, in violation of his constitutional rights. A review of the transcript of the suppression hearing reveals that the appellant's arguments centered on whether or not the interrogation was custodial and whether the appellant voluntarily waived his rights: "We would contend that statement should be inadmissible, essentially an involuntary statement or a statement given by the [appellant] not understanding certain rights that had been guaranteed him both under *Miranda* and our State Constitution[.]" He later stated that the tape "is not going to be reflective of any *Miranda* warnings given thus far." Nothing in the appellant's argument during the hearing indicates that he was specifically relying on the statutory requirement that an electronic recording of an oral confession include a recording of the *Miranda* warning itself. In light of his clearly and persistently articulated constitutional argument, and the lack of a statutory reference in his second motion to suppress, the appellant's reference to the videotape is most likely part of his argument that the police had violated his rights under the United States and Texas Constitutions by failing to *Mirandize* him at any point during his custodial interrogation.

After reviewing the record of the hearing, we cannot hold that the trial court and opposing counsel understood the appellant to be making a claim based on Article 38.22, Section 3(a)(2). In cases in which we have held that the trial record indicates that the correct ground for complaint was obvious to the judge and opposing counsel, there have been statements or actions on the record that clearly indicate what the judge and opposing counsel

understood the argument to be. In *Lankston v. State*, for example, the appellant's counsel did not specifically identify the statutory provision he was relying on.[35] The judge, however, was able to identify the provision: "I just want all the attorneys to stay within the parameters of 38.07. I believe that's what you're referring to."[36] And in *Ex parte Little*, although the appellant did not explicitly object to a mistrial on the grounds of manifest necessity, we held that his complaint was obviously clear to the trial court because, following the mistrial, the judge permitted the parties to present case law on manifest necessity and then granted them time to prepare for a habeas corpus hearing.[37] In these cases, it was appropriate for the appellate court to reach the merits of the argument because it was clear that the trial court had understood the argument and had a chance to rule on it as well.

In the present case, the trial court stated, "I understand, counsel. You have made a fine point of law." This only indicates that the judge believed that he understood the appellant's argument, not which argument he believed the appellant was making. And the State's stipulation, far from being ambiguous, actually points to the constitutional argument: "We will stipulate nowhere on the videotape of State's Exhibit No. 2-A is there *Mirandized* warnings [sic] given to [the appellant], but [the appellant] in the trial of Esteban Perez . . .

---

[35] *Lankston v. State, supra,* at 909.

[36] *Id.*

[37] *Ex parte Little, supra,* at 66.

admitted that the statement given in 2-A was freely and voluntarily given." The second half of this statement indicates that the State was focusing on constitutional issues of voluntariness, which have nothing to do with the statutory requirement that *Miranda* warnings be captured on tape. The trial court did not have a fair opportunity to rule on a specific Article 38.22 complaint. The State did not have a fair opportunity to oppose such a complaint. Thus, neither of the two purposes undergirding our rules requiring specificity in objections—to make sure that the trial judge understands what he is being asked to do, and that the opposing party has a chance to actually *oppose* it—is vindicated by allowing the appellant to raise his specific Article 38.22 complaint on appeal.

It is also worth noting that the circumstances surrounding the filing of the two suppression motions and the subsequent hearing lend credence to the contention that the appellant's counsel was not making a claim based on Article 38.22, Section 3(a)(2), at the suppression hearing. The first motion to suppress, which contained only a general mention of Article 38.22, was filed by the appellant's first attorney over a year before the second motion to suppress was filed. The second motion to suppress, filed by the appellant's second attorney, reproduced two arguments made in the first motion to suppress, but left out the others, including the reference to Article 38.22. The hearing itself occurred shortly after the filing of the second motion. It appears that the parties understood that the purpose of the hearing was to address issues raised in the second motion to suppress.

In the present case, there are no indications on the record to support the contention

that the appellant raised a claim based on Article 38.22, Section 3(a)(2), nor is there anything on the record to support the contention that the trial judge or opposing counsel understood the appellant to have made this claim.

## CONCLUSION

Because we conclude that the appellant did not preserve his Article 38.22 argument for appeal, we need not reach the State's second ground upon which we granted review. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

Delivered:    October 21, 2009
Published