COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-031-CR

 

 

JACINTO SALINSE CORTEZ                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
INTRODUCTION

Appellant
Jacinto Salinse Cortez appeals his convictions and sentences for aggravated
sexual assault of a child and indecency with a child.  We affirm.

 

 








II. 
FACTUAL AND PROCEDURAL HISTORY

The
State charged Cortez with committing aggravated sexual assault and indecency
with a child against his six-year-old granddaughter, N.C.  After the assault, N.C.=s
parents took her to Cook Children=s
Hospital, where she was examined by family nurse practitioner Jacqueline Sue
Hess.  Hess was a member of the hospital=s CARE
team, which was responsible for performing physical exams of children who had
been physically or sexually abused.  N.C.
told Hess that Cortez had Aput his
mouth over her private area@ and
that he had put his tongue in her Agina@ and Abutt.@  She also told Hess that Cortez Arubs his
hands all over her body@ and Ahas sex
with her@ and
that he had caused her to manually stimulate his sexual organ.  Hess=s physical
examination of N.C. revealed no abnormal findings other than a yellow vaginal
discharge, which Hess said could indicate an infection.  Ultimately, after considering the evidence
and testimony of Hess and other witnesses, the jury convicted Cortez and sentenced
him to 50 years= confinement for aggravated
sexual assault and 20 years=
confinement for indecency with a child, with the sentences to run
concurrently.  Cortez now appeals.








III.  LAW
AND APPLICATION TO FACTS

In two
issues, Cortez complains of the following testimony given by Hess, the nurse
practitioner, on redirect examination by the State during the guilt-innocence
phase of trial:

Q.     Okay.  Are you aware of statistics that Cook=s keeps on confirmed
cases of sexual abuse and the number of confirmed cases where you would have no
physical findings?

 

[Defense counsel]: Object, Your Honor.  It=s not relevant to this case.

 

THE COURT: It=s overruled.

 

Q.     (BY
[the State]:) Are you aware of those statistics?

 

A.     I don=t -- I don=t have statistics from
Cook=s, but in my own
experience and from research it=s -- it is my understanding that more than 95
percent of the children with alleged sexual abuse have normal exams.

 

Q.     And
there are people who keep studies on cases where there is -- where that is
confirmed by either confessions from defendants or DNA, actual biological
findings?

 

A.     That=s true.

 

[Defense counsel]: I=m going to object to
relevance of that and also it=s -- it=s speculation.

 

THE COURT: All right.  That=s overruled. 
It was brought up in cross.

 

 

 








A.     Relevance Objection

In his
second issue, Cortez argues that the trial court erred by overruling his
relevance objection to the State=s
question about statistics on confirmed sexual abuse cases with no physical
findings of abuse.  Cortez contends that
the normal physical exams involved in other sexual abuse cases have no
connection to his case and do not have any bearing on whether N.C. was telling
the truth.

The
State=s
questions about sexual abuse statistics tended to elicit expert testimony based
on Hess=s
knowledge and training rather than just her personal perceptions of the events
in this particular case.  See Tex.
R. Evid. 702 (AIf scientific, technical, or
other specialized knowledge will assist the trier of fact to understand the
evidence or to determine a fact in issue, a witness qualified as an expert by
knowledge, skill, experience, training, or education may testify thereto in the
form of an opinion or otherwise.@).  To be relevant, expert testimony must be tied
or related to the pertinent facts of the case. 
See Tex. R. Evid. 401; Morales v. State, 32 S.W.3d 862,
865 (Tex. Crim. App. 2000).








Before
the State questioned Hess about the sexual abuse statistics, Cortez=s
counsel had cross-examined Hess about her experience with false allegations of
sexual abuse and whether the lack of physical findings would indicate that no
sexual contact had occurred.  Therefore,
Hess=s
testimony about the statistical frequency of the absence of physical findings
in alleged sexual abuse cases was relevant to explain that the absence of
physical findings could still be consistent with the type of abuse described by
N.C.  We hold that the trial court did
not err by denying Cortez=s relevance objection and
overrule his second issue.

B.     Speculation Objection

In his
first issue, Cortez argues that Hess was not qualified to testify about the
statistical frequency of confirmed sexual abuse in cases without physical
evidence.  A challenge to expert
qualifications must be made at trial to preserve a complaint about them on
appeal.  Martinez v. State, 22
S.W.3d 504, 507 (Tex. Crim. App. 2000). 
Error may not be predicated upon a ruling that admits or excludes
evidence unless a timely objection or motion to strike appears of record,
stating the specific ground of objection, if the specific ground was not
apparent from the context.  Tex. R. Evid.
103(a)(1).  When the correct ground for
exclusion was obvious to the judge and opposing counsel, no forfeiture results
from a general or imprecise objection. Resendez v. State, 306 S.W.3d
308, 313 (Tex. Crim. App. 2009).  But
when the context shows that a party failed to effectively communicate his
argument, then the error will be deemed forfeited on appeal.  Id. 














Cortez
contends that his speculation objection was, in context, a challenge to Hess=s
expertise.  We disagree.  The purpose of requiring the objection is to
give to the trial court or the opposing party the opportunity to correct the
error or remove the basis for the objection. 
Martinez, 22 S.W.3d at 504. 
Here, Cortez did not tell the trial court that he challenged Hess=s
qualifications to testify on the statistical frequency of normal physical exams
in confirmed cases of child sexual abuse. 
Had he made that specific objection, the State would have been given an
opportunity to satisfy that objection.  The trial court also would have been
sufficiently informed of the basis for the objection so that the court could
have excluded the evidence if the State had failed to establish the
qualifications of its witness.  But
instead, Cortez simply asserted that Ait=s
speculative.@ 
An objection that a witness=s
testimony is speculative does not preserve a challenge to the witness=s
qualifications as an expert.  See
Karkutt v. State, No. 02-04-00560-CR, 2006 WL 1714706, at *2 (Tex. App.CFort
Worth Nov. 1, 2006, pet. ref=d) (mem.
op., not designated for publication); Villarreal v. State, No.
02-04-00102-CR, 2005 WL 1994316, at *2 & n.2 (Tex. App.CFort
Worth Aug. 18, 2005, pet. ref=d) (mem.
op., not designated for publication). 
Cortez=s trial objection to Hess=s
testimony as speculative did not obviously communicate to the court and
opposing counsel that he was challenging her expert qualifications, so it did
not preserve this complaint on appeal. 
We therefore hold that Cortez has forfeited his complaint about Hess=s
qualifications, and we overrule his first issue.

IV. 
CONCLUSION

Having
overruled both of Cortez=s issues, we affirm the trial
court=s
judgment.   

 

 

BOB MCCOY

JUSTICE

 

PANEL: WALKER and MCCOY, JJ.; and DIXON J. HOLMAN (Senior Justice,
Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 22, 2010











[1]See Tex. R. App. P. 47.4.