

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-031-CR

JACINTO SALINSE CORTEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Jacinto Salinse Cortez appeals his convictions and sentences for aggravated sexual assault of a child and indecency with a child. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL HISTORY

The State charged Cortez with committing aggravated sexual assault and indecency with a child against his six-year-old granddaughter, N.C. After the assault, N.C.'s parents took her to Cook Children's Hospital, where she was examined by family nurse practitioner Jacqueline Sue Hess. Hess was a member of the hospital's CARE team, which was responsible for performing physical exams of children who had been physically or sexually abused. N.C. told Hess that Cortez had "put his mouth over her private area" and that he had put his tongue in her "gina" and "butt." She also told Hess that Cortez "rubs his hands all over her body" and "has sex with her" and that he had caused her to manually stimulate his sexual organ. Hess's physical examination of N.C. revealed no abnormal findings other than a yellow vaginal discharge, which Hess said could indicate an infection. Ultimately, after considering the evidence and testimony of Hess and other witnesses, the jury convicted Cortez and sentenced him to 50 years' confinement for aggravated sexual assault and 20 years' confinement for indecency with a child, with the sentences to run concurrently. Cortez now appeals.

### III. LAW AND APPLICATION TO FACTS

In two issues, Cortez complains of the following testimony given by Hess, the nurse practitioner, on redirect examination by the State during the guilt-innocence phase of trial:

> Q.    Okay.  Are you aware of statistics that Cook's keeps on confirmed cases of sexual abuse and the number of confirmed cases where you would have no physical findings?
>
> [Defense counsel]: Object, Your Honor.  It's not relevant to this case.
>
> THE COURT: It's overruled.
>
> Q.    (BY [the State]:) Are you aware of those statistics?
>
> A.    I don't -- I don't have statistics from Cook's, but in my own experience and from research it's -- it is my understanding that more than 95 percent of the children with alleged sexual abuse have normal exams.
>
> Q.    And there are people who keep studies on cases where there is -- where that is confirmed by either confessions from defendants or DNA, actual biological findings?
>
> A.    That's true.
>
> [Defense counsel]: I'm going to object to relevance of that and also it's -- it's speculation.
>
> THE COURT: All right.  That's overruled.  It was brought up in cross.

3

A.    Relevance Objection

In his second issue, Cortez argues that the trial court erred by overruling his relevance objection to the State's question about statistics on confirmed sexual abuse cases with no physical findings of abuse.  Cortez contends that the normal physical exams involved in other sexual abuse cases have no connection to his case and do not have any bearing on whether N.C. was telling the truth.

The State's questions about sexual abuse statistics tended to elicit expert testimony based on Hess's knowledge and training rather than just her personal perceptions of the events in this particular case.  *See* Tex. R. Evid. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.").  To be relevant, expert testimony must be tied or related to the pertinent facts of the case.  *See* Tex. R. Evid. 401; *Morales v. State*, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000).

Before the State questioned Hess about the sexual abuse statistics, Cortez's counsel had cross-examined Hess about her experience with false allegations of sexual abuse and whether the lack of physical findings would indicate that no sexual contact had occurred.  Therefore, Hess's testimony

4

about the statistical frequency of the absence of physical findings in alleged sexual abuse cases was relevant to explain that the absence of physical findings could still be consistent with the type of abuse described by N.C.  We hold that the trial court did not err by denying Cortez's relevance objection and overrule his second issue.

B.    Speculation Objection

In his first issue, Cortez argues that Hess was not qualified to testify about the statistical frequency of confirmed sexual abuse in cases without physical evidence.  A challenge to expert qualifications must be made at trial to preserve a complaint about them on appeal.  *Martinez v. State,* 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).  Error may not be predicated upon a ruling that admits or excludes evidence unless a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.  Tex. R. Evid. 103(a)(1).  When the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection. *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009).  But when the context shows that a party failed to effectively communicate his argument, then the error will be deemed forfeited on appeal.  *Id.*

Cortez contends that his speculation objection was, in context, a challenge to Hess's expertise. We disagree. The purpose of requiring the objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection. *Martinez*, 22 S.W.3d at 504. Here, Cortez did not tell the trial court that he challenged Hess's qualifications to testify on the statistical frequency of normal physical exams in confirmed cases of child sexual abuse. Had he made that specific objection, the State would have been given an opportunity to satisfy that objection. The trial court also would have been sufficiently informed of the basis for the objection so that the court could have excluded the evidence if the State had failed to establish the qualifications of its witness. But instead, Cortez simply asserted that "it's speculative." An objection that a witness's testimony is speculative does not preserve a challenge to the witness's qualifications as an expert. *See Karkutt v. State*, No. 02-04-00560-CR, 2006 WL 1714706, at *2 (Tex. App.—Fort Worth Nov. 1, 2006, pet. ref'd) (mem. op., not designated for publication); *Villarreal v. State*, No. 02-04-00102-CR, 2005 WL 1994316, at *2 & n.2 (Tex. App.—Fort Worth Aug. 18, 2005, pet. ref'd) (mem. op., not designated for publication). Cortez's trial objection to Hess's testimony as speculative did not obviously communicate to the court and opposing counsel that he was challenging her expert qualifications, so it did not preserve this

complaint on appeal.  We therefore hold that Cortez has forfeited his complaint about Hess's qualifications, and we overrule his first issue.

## IV.  CONCLUSION

Having overruled both of Cortez's issues, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: WALKER and MCCOY, JJ.; and DIXON J. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 22, 2010

7