# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00213-CR

**Johnny Angel Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 65331, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Johnny Angel Martinez was found guilty of the offense of possession of body armor by a felon. *See* Tex. Penal Code Ann. § 46.041 (West 2003). On appeal, Martinez argues that the evidence is insufficient to prove he was in possession of body armor, and that the district court erred in admitting evidence of Martinez's statements prior to any warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966). We conclude that the evidence is sufficient to prove that the body armor possessed by Martinez satisfied the applicable statutory definition in section 46.041 of the Texas Penal Code. We also conclude that Martinez failed to preserve by a timely request, objection, or motion any error in the admission of evidence. We affirm.

At approximately 1:22 a.m. on August 14, 2009, Officer Thomas Ham, a police officer with the Belton Police Department, was dispatched to Yettie Polk Park in Belton due to a

report of a suspicious, shirtless male in the park. Upon his arrival at the park, Ham found Martinez alone and shirtless in the park.

After approaching Martinez and obtaining his identification, Ham learned that Martinez had an outstanding arrest warrant for a child support violation. At that point, Ham "detained him." Martinez informed Ham that the backpack and ice pick at a nearby bench were his. Ham asked Martinez whether he had any weapons other than the ice pick. Martinez answered "no," and Ham searched the backpack to check for weapons. During the search, Ham found body armor. Martinez explained that he had found the body armor while "dumpster diving." Ham then asked Martinez whether he had been convicted of a felony, and Martinez answered that he had been arrested for evading arrest in a motor vehicle. Ham checked with his dispatcher regarding Martinez's criminal history and was informed that Martinez had been convicted of the felony of evading arrest in a motor vehicle. *See* Tex. Penal Code Ann. § 38.04(a), (b)(1) (West Supp. 2010) (state jail felony for offense of evading arrest if vehicle used during evasion). Martinez was "placed in custody."

Martinez was charged by indictment with the offense of possession of body armor by a felon. *See id.* § 46.041. Following a bench trial, the district court found Martinez guilty of the offense and sentenced him to six years imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice. Martinez appeals his conviction.

In his first point on appeal, Martinez contends that the evidence is insufficient to prove he was in possession of body armor. In a sufficiency review, we consider whether, after viewing the evidence in the light most favorable to the finding of guilt, any rational trier of fact

could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[1] "This standard accounts for the factfinder's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Clayton*, 235 S.W.3d at 778 (quoting *Jackson*, 443 U.S. at 319). It is not necessary that each fact point directly and independently to the defendant's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

"A person who has been convicted of a felony commits an offense if after the conviction the person possesses metal or body armor." Tex. Penal Code Ann. § 46.041(b); *see also Hargrove v. State*, 211 S.W.3d 379, 385 (Tex. App.—San Antonio 2006, pet. ref'd) (requiring that possession be intentional or knowing). "Metal or body armor" is defined as "any body covering manifestly designed, made, or adapted for the purpose of protecting a person against gunfire." Tex. Penal Code Ann. § 46.041(a). Martinez argues that the body armor in his possession was no longer "metal or body armor" as defined in penal code section 46.041 because it had been thrown away due to its loss of effectiveness.

Martinez's argument does not comport with section 46.041's definition of body armor. The State is required to prove under penal code section 46.041 that a body covering was

---

[1] "[T]he *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6, 2010).

3

"designed, made, or adapted" to protect against gunfire, not that it does, in fact, protect against gunfire. *See id.* Even if the body armor in Martinez's possession had lost its effectiveness, Martinez does not dispute that it was "designed" or "made" for the purpose of protecting a person against gunfire. The body armor, admitted into evidence at trial, has a label identifying it as "body armor." Ham testified that as a police officer he wears a similar type of body armor and that a decrease in effectiveness of the body armor "doesn't stop it from being body armor." Martinez testified that he knew it was body armor based on a paper he found on it, characterized it as a "bullet proof vest," and claimed that he had "felt safe with it." We conclude that the evidence is sufficient that the body armor in Martinez's possession was "manifestly designed, made, or adapted for the purpose of protecting a person against gunfire." *See id.*

In his second point on appeal, Martinez asserts that the district court erred in allowing Ham's testimony regarding his questioning of Martinez concerning the backpack, his search of the backpack following Martinez's admission of ownership, and his questioning of Martinez concerning his criminal history, because no *Miranda* warning was provided beforehand. Martinez contends that his statements were obtained in violation of the Fifth Amendment and article 38.22. *See Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966); Tex. Code Crim. Proc. Ann. art. 38.22 (West 2005).

A defendant's statements made during a "custodial interrogation" must be suppressed if the defendant was not read his *Miranda* rights prior to giving the statements. *See Williams v. State*, 270 S.W.3d 112, 136 (Tex. Crim. App. 2008); *see also* Tex. Code Crim. Proc. Ann. art. 38.22. A custodial interrogation occurs when a defendant is in custody and is exposed to words or actions on the part of the police that the police should know are reasonably likely to elicit an

4

incriminating response. *Roquemore v. State*, 60 S.W.3d 862, 868 (Tex. Crim. App. 2001). A person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).

However, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a); *see Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (requiring preservation of error for article 38.22 complaint on appeal); *Ex parte Bagley*, 509 S.W.2d 332, 333 (Tex. Crim. App. 1974) ("[I]n order to complain about the admissibility of a confession, even in regard to a violation of *Miranda*, and other federally guaranteed constitutional rights, there must be an objection in the trial court."). Martinez made no objection to Ham's testimony—neither regarding his search of the backpack nor regarding Martinez's oral statements about his body armor and criminal history. Nor does the record show that Martinez complained to the trial court about the admission of this evidence at any other time. Therefore, Martinez's complaint has not been preserved, and nothing is presented for our review on appeal. *See* Tex. R. App. P. 33.1(a).[2]

---

[2] One of the purposes for requiring a specific objection is to give opposing counsel the opportunity to respond to the complaint. *See Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). Such purpose is apparent in this case, as no testimony was elicited regarding when Martinez was given his *Miranda* rights, or on the subject of whether, at the time Ham questioned Martinez, a reasonable person would have believed that his freedom of movement was restrained to the degree associated with a formal arrest.

Having overruled both of Martinez's points on appeal, we affirm the judgment of the district court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   November 18, 2010

Do Not Publish