**AFFIRM; Opinion Filed July 10, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00317-CR

## JOHNNIE LEE BOAN, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court
Rockwall County, Texas
Trial Court Cause No. 2-11-213

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

A jury convicted Johnnie Lee Boan of possession with intent to deliver 400 or more grams of cocaine. The jury assessed punishment at fifty years' confinement and a fine of $100,000. In a single issue, Boan argues the trial court abused its discretion by denying his motion to suppress his recorded statement.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. Because we conclude Boan did not preserve his issue before the trial court, we affirm.

Officer Barrett Morris stopped Boan for speeding and making an unsafe lane change. Morris smelled burned marijuana when Boan rolled down his window. When Morris asked

Boan to exit the vehicle, he smelled fresh marijuana. Boan denied having any marijuana. Boan later said he had smoked some marijuana about thirty minutes before the stop and also told Morris he had some money in the car but there was nothing illegal.

Morris searched the passenger compartment and found marijuana residue, $9,170 in cash, and a small wrench without any other tools nearby. Based on the circumstances, Morris believed narcotics were hidden in the car and the wrench would fit a bolt or something securing the hiding place. Boan was placed in Morris's squad car while the search continued.

When Morris's search reached the engine compartment, he noticed fresh fingerprints and smudge marks around the air filter. He also noticed that a bolt had been put in the air filter compartment and the bolt was the same size as the wrench found inside the car. Morris used the wrench to open the air filter, where he found three duct-taped bundles of cocaine. Morris then arrested Boan and advised him of his *Miranda* rights.

Morris's dashboard video recorded the stop and search of Boan's car. When Morris was looking under the hood of the car, Boan could be heard on the recording saying "They got me" or "They got it."

At trial, and outside the presence of the jury, defense counsel objected to this portion of the recording on the ground that Boan was detained in the car, did not know he was being recorded, and would not have made the statement had he known. He objected that Boan was not told he was being recorded. The trial court overruled the objection and the recording was played for the jury.

On appeal, Boan argues the recorded statement violated his rights under section three of article 38.22 of the code of criminal procedure and the rule in *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Article 38.22 governs the admissibility of statements made by a defendant during custodial interrogation in a criminal proceeding. TEX. CODE CRIM. PROC. ANN. art. 38.22. The

–2–

warnings required by the statute are virtually identical to the warnings required by *Miranda*. *See Herrera v. State*, 241 S.W.3d 520, 529 (Tex. Crim. App. 2007).

Boan contends he was not properly warned of his rights and did not knowingly, intelligently, and voluntarily waive those rights. Boan argues his appellate issue was preserved in the trial court by his motion to suppress and by his trial objection. We disagree.

To present a complaint on appeal, the appellant, among other things, must have stated to the trial court the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (purpose of specific objection requirement is to inform the trial court and give it an opportunity to rule and to give the opponent an opportunity to respond to the complaint). Here, however, the record does not show that Boan ever presented these specific grounds to the trial court for a ruling.

Boan's motion to suppress did not mention the recording, his recorded comment, *Miranda*, or article 38.22. Rather, the motion argued that the vehicle search violated Boan's state and federal constitutional rights and article 38.23, and that he was arrested without a warrant and without probable cause. Thus the motion did not make the trial court aware of the grounds argued on appeal and those grounds were not apparent from the context of the motion. *See Resendez*, 306 S.W.3d at 313 (motion to suppress did not preserve article 38.22 complaint where specific argument that warnings were not recorded was not mentioned by general reference to statute and argument at hearing did not bring specific violation to trial court's attention).

Boan's objection at trial also varies from his appellate argument. At trial he objected to the recorded statement and argued about the hearsay exception for statements against interest. *See* TEX. R. EVID. 803(24). The State countered that Boan's statement was an admission by a

party opponent and not hearsay at all.  *See* TEX. R. EVID. 801(e)(2).  Boan then objected that he was not told he was being recorded.[1]  None of these trial arguments informed the trial court or the prosecutor of a complaint about a specific violation of article 38.22, § 3(a) or of Boan's *Miranda* rights.

Because Boan never presented the arguments raised on appeal to the trial court for a ruling, they are not preserved for appeal.  *See* TEX. R. APP. P. 33.1(a); *Leza v. State*, 351 S.W.3d 344, 353 & n. 28 (Tex. Crim. App. 2011) (complaint of violation of article 38.22 must be preserved for appeal).  We overrule Boan's issue.

The judgment of the trial court is affirmed.


/Jim Moseley/
JIM MOSELEY
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
120317F.U05

---

[1] The statute does not require that the accused be informed the statement is being recorded.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a); *Moore v. State*, 882 S.W.2d 844, 846 (Tex. Crim. App. 1994).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHNNIE LEE BOAN, Appellant

No. 05-12-00317-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-11-213.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE