

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00388-CR

ERICK HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 67,846-A, Honorable Dan L. Schaap, Presiding

November 6, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Before us is the question of whether the trial court improperly foisted upon appellant the burden to prove the illegitimacy of a warrantless traffic stop. The stop resulted in the officer's discovery of methamphetamine. Due to the discovery of that drug in the vehicle he drove, Erick Hernandez was convicted of possessing a controlled substance. Before convicting him, though, the trial court denied his motion to suppress evidence of the aforementioned contraband. And, during the hearing on said motion, it commented that it had to take the officer's testimony "at face value" because no

evidence of record indicated that his version of what transpired could not have happened. According to appellant, this comment supposedly evinced the trial court's belief that appellant had the burden to prove that the stop was unlawful. Thus, we are told that the ". . . trial court assigned an improper burden when evaluating the motion to suppress and the evidence adduced." We disagree, overrule the issue, and affirm the judgment.

First, the complaint before us (that is, the improper assignment of the burden) went unmentioned below.[1] Appellant said nothing about that matter during the suppression hearing. This is critical since the complaint had to be preserved for review, and one does so by uttering a timely objection that states the specific grounds for it, if those grounds are not apparent from the context. *Douds v. State*, ___ S.W.3d ___, 2015 Tex. Crim. App. LEXIS 1060, at *11 (Tex. Crim. App. October 14, 2015). In other words, the complaining litigant, such as appellant here, had to ". . . let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* at *11-12*, quoting*, *Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1991). And, in deciding if this prerequisite was satisfied, we "look to the context of the entire record." *Id.*, *quoting, Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009).

---

[1] When a warrantless detention occurs, the State has the burden to prove its legitimacy. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) (stating that "[t]o suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct . . . [and] satisfies this burden by establishing that a search or seizure occurred without a warrant. Once the defendant has made this showing, the burden of proof shifts to the State where it is required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable."). No one questions that the evidence at bar illustrated the officer stopped appellant after purportedly viewing a traffic infraction and without a warrant. So, the State was obligated to prove the legitimacy of the stop.

At no time after the trial court utilized the "at face value" phrase did appellant intimate that the trial court was analyzing the motion by placing upon him an improper burden. Nor does appellant's effort to fill the void by citing to an excerpt of his conversation with the trial court suffice.

The excerpt in question consisted of defense counsel arguing that "[b]asically, that he has to have objective -- articulable, objective reasons for the stop. And our position is that the video renders it a question of the officer's word. We have two other people who say those lights were on and we saw them." When read in context, as mandated by *Douds*, the excerpt simply encompassed a discussion about authority appellant had just cited to the trial court. That led the court to ask: ". . . what is the gist of those cases?" In reply, defense counsel said:

> Basically, that he has to have objective -- articulable, objective reasons for the stop. And our position is that the video renders it a question of the officer's word. We have two other people who say those lights were on and we saw them. And consequently, the video -- there's a reason for that. And that's why when sometimes officers' testimonies don't match what happens, we go with what our lying eyes say.

To interpret that statement as an objection to some misplaced burden of proof is nonsensical. All defense counsel was doing was explaining 1) the test for determining when a stop is justifiable and 2) why the officer's testimony was incredible. It had nothing to do with some burden of proof being wrongly foisted on appellant. So, in short, appellant did not preserve his current complaint due to the lack of an objection below.

Second, and assuming *arguendo* that preservation occurred, one can only reasonably conclude that the trial court's comment had nothing to do with burdens of

3

proof but rather issues of credibility. The context of the statement illustrates as much. At the time, defense counsel and the trial court were debating whether the officer actually saw appellant drive the vehicle at night with its taillights off. The officer testified that he did. Yet, other witnesses testified that the taillights were on. The latter testimony was purportedly bolstered by a video of the stop. The video began once the officer decided to stop appellant and depicted lit taillights. Nonetheless, the officer tried to minimize the video's content by stating that 1) the video came on after he decided to stop appellant and after the taillights were eventually engaged and 2) though the front lights of the car appeared to be on they were somehow connected to running lights which were on all the time. This evidence lead to a discourse between defense counsel and the trial court during the former's closing argument.

Defense counsel argued that ". . . we have an officer who testifies, gee whiz, the taillights weren't on. He is talking about daytime running lights. We're in the middle of the night. And he clearly admitted repeatedly if the headlights are turned on, the taillights come on. He admitted that his report says the headlights were on." The trial court responded with the following:

> Well, he also testified . . . that his understanding was that the running lights use the same bulb as the headlights. In other words, it's the same bulb. It's just the issue of whether or not you've switched the switch to take it from running lights, all the way to headlights. And [,] if one takes it all the way to the headlights, theoretically then the taillights come on. So I don't have a clue whether this vehicle is one that has even the running light capacity, but the officer has testified very clearly that he did not see the taillights on when he first encountered the vehicle. Is that a possibility versus an impossibility? You are suggesting it's not possible, but I don't have anything from an evidentiary point of view that says that it's not possible he could have observed what he's testified to. I don't accept the proposition that because his report references headlights, that -- that we -- that means it cannot be the running lights that he's observed when he first

4

saw the vehicle pass him, nor -- nor do we know what the status is mechanically, but that may be stretching it.

Shortly thereafter, defense counsel said: "I would posit to the Court, there's a reason we have in-car video. And if in-car video doesn't match, that brings into question the . . . ." Before counsel finished his sentence, though, the trial court interjected with ". . . I know it -- it *creates an issue* . . . [and] [i]t does create an issue. But again, he's very clearly testified that he followed the vehicle for a while to observe what was going on." (Emphasis added). After a bit more conversation, the court then uttered the phrase upon which appellant hangs his hat. It appeared in the following statement:

> *But I think I have to take the officer's observations at face value, absent evidence that this vehicle could not have done what the officer surmised it did because of what he observed.* And his surmise in that regard is that the headlight switch was not engaged and that it had its front beams on because it was turned on and it was running with those as we have seen vehicles coming down the road in the middle of the day with their headlights on. We call them headlights because that's what we see. And those lights are automatic. No one has to, quote, unquote, turn them on. And so that's sort of where it boils down to me -- for me here is, is do we have evidence that what the officer is suggesting is not possible?
>
> * * * *
>
> I don't hear the evidence that says it's not possible. I'm going to have to take what he says at face value. And that means that I think he had a reasonable basis to make the stop and I think your client consented to the search.

(Emphasis added).

Given this context, only one reasonable deduction arises. The trial court was talking about the officer's credibility when it decided to take his testimony "at face value." It was not improperly assigning a burden of proof upon appellant. Nor was it analyzing the issue under some inappropriate view of the litigants' respective burdens. It was just talking about a credibility issue that it was obligated to resolve. *See Hughes*

5

*v. State*, 334 S.W.3d 379, 383 (Tex. App.—Amarillo 2011, no pet.) (stating that "[t]he trial judge is the sole trier of fact and the judge of the credibility of any witnesses' testimony and the weight to be assigned to that testimony.").

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

.