

# NUMBER 13-18-00547-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

REYNALDO JULIUS PEREZ,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Reynaldo Julius Perez appeals his conviction, following a jury verdict, of unlawful possession of a firearm by a felon, a third-degree felony enhanced by appellant's prior felony conviction.  *See* TEX. PENAL CODE ANN. §§ 12.42(a), 46.04(a)(1).  In accordance with the jury's punishment assessment, the trial court sentenced appellant to twenty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.

In one issue, appellant argues that the trial court abused its discretion in admitting photographic evidence.   We affirm.

## I.   BACKGROUND

A grand jury returned an indictment charging appellant with possessing a firearm before the fifth anniversary of his release from supervision under parole for a prior murder conviction.   *See id*. § 46.04(a)(1).   At trial, the State called Brody Davis, a Victoria County Sheriff's deputy.   Deputy Davis testified that he responded to a report of gunshots being heard on private property located in Victoria County, Texas.   Upon arrival, Deputy Davis and other responding officers encountered appellant who reported that he was recently released from prison.   According to Deputy Davis, he observed a handgun in plain view inside appellant's vehicle.   After Deputy Davis received confirmation from dispatch that appellant had a felony conviction, he arrested appellant.   During Deputy Davis's testimony, the following colloquy took place concerning State's Exhibit 1:

| | |
|---|---|
| [Prosecutor:] | Deputy, I am handing you a packet of seven photographs. Could you look at those and tell me if you recognize them? |
| [Witness:] | Yes, sir, I do. |
| [Prosecutor:] | And what are they? |
| [Witness:] | This is the firearm that we found the defendant to be in possession of, and it's the defendant's vehicle registered in his name. We verified that through our dispatch that he was the owner of the vehicle. When we approached the vehicle for him to get his ID, that's the vehicle that the defendant walked to, opened the door, and that's actually where we saw the firearm just like [it] is displayed in that photo. |
| [Prosecutor:] | Okay. Did you take these photographs? |

| | |
|---|---|
| [Witness:] | No, I did not. Deputy Castillo took them. |
| [Prosecutor:] | He's capable of operating a camera? |
| [Witness:] | Yes, sir. |
| [Prosecutor:] | Okay. Do these photographs— |
| [Defense Counsel:] | Objection. He's not an expert on whether the other officer is capable of operating a camera, nor does he know anything about the other deputy. |
| [Trial Court:] | Objection overruled. You may proceed. |
| [Prosecutor:] | Do these photographs—are they a fair and accurate depiction of the scene on that night? |
| [Witness:] | Yes, they are. |
| [Prosecutor:] | And, Your Honor, just for the record, I would like to amend that I said seven photographs. It is actually a packet of eight. |
| [Defense Counsel]: | No objection. |
| [Prosecutor:] | Your Honor, the State offers State's Exhibit 1, a packet of eight photographs into evidence. |
| [Trial Court:] | Any objection? |
| [Defense Counsel:] | No objection. |
| [Trial Court:] | State's Exhibit 1 is admitted. |

The case was submitted to the jury, which found appellant guilty. This appeal ensued.

## II. DISCUSSION

## A. Standard of Review and Applicable Law

Like other evidentiary rulings, we review a trial court's ruling on authentication

3

issues for an abuse of discretion.  *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018).  We will uphold a trial court's admissibility decision when it is within the zone of reasonable disagreement.  *Id*.  Authentication is a condition precedent to admissibility of evidence that requires the proponent to make a threshold showing "sufficient to support a finding that the matter in question is what its proponent claims*.*"  TEX. R. EVID. 901(a); *see Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012).  Rule 901 provides a nonexclusive list of methods to authenticate evidence.  *See* TEX. R. EVID. 901(b).  One method of authentication is the testimony of a witness with knowledge that "an item is what it is claimed to be."  *Id*. R. 901(b)(1).  When a photograph is authenticated by a witness with knowledge, the admissibility of the item is conditioned on the witness's identification of the exhibit as a fair and accurate depiction of the person, place, or event that the item purports to portray.  *Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988).

"In a jury trial, it is the jury's role ultimately to determine whether an item of evidence is indeed what its proponent claims."  *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015).  The trial court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic.  *Tienda*, 358 S.W.3d at 638.

Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the

4

complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). Likewise, under Rule 103 of the Texas Rules of Evidence, error may not be predicated upon a ruling which admits or excludes evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." TEX. R. EVID. 103.

The purpose for requiring a specific objection is twofold: (1) to inform the trial court of the basis of the objection and provide an opportunity to rule on it; and (2) to give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). The complaining party must have done everything necessary to bring the relevant evidentiary rule and its precise and proper application to the trial court's attention. *Id*. at 313.

## B.    Analysis

Appellant principally complains of the admission of State's Exhibit 1. However, as reflected above, appellant objected only to Deputy Davis's testimony concerning another deputy's ability to operate a camera. When the exhibit was offered into evidence by the State, appellant stated that he had no objection. Nevertheless, appellant maintains that the trial court should have inferred from the context of his objection that he was objecting to "lack of proper foundation." We disagree.

Appellant's objection provided the trial court with no basis to exclude State's Exhibit 1—the objection was not to the exhibit, but to a question posed by the State to a witness. *See id*. at 312. Further, there being no objection to the admission of the exhibit, State's counsel was never afforded the opportunity to respond to any admissibility

complaint. *See id.* Accordingly, we conclude that appellant has failed to preserve for appeal any complaint regarding the exhibit's admissibility. *See* TEX. R. APP. 33.1(a); TEX. R. EVID. 103.

Even if we were to construe appellant's objection as a challenge to the exhibit's authenticity, appellant's issue is without merit. Deputy Davis testified based on personal knowledge that the photographs in State's Exhibit 1 provided a fair and accurate depiction of the scene on the night of appellant's arrest. This testimony satisfies Rule of Evidence 901's requirement that the proponent of evidence make a threshold showing sufficient to support a finding that the matter in question is what its proponent claims. *See* TEX. R. EVID. 901(a); *see Huffman*, 746 S.W.2d at 222. The trial court did not abuse its discretion in admitting State's Exhibit 1. *See Fowler v. State*, 544 S.W.3d at 848.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2019.

6