# NO. 12-10-00338-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JARON ANTHONY BURTON,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jaron Anthony Burton appeals his conviction for aggravated assault with a deadly weapon. In his sole issue on appeal, Appellant argues that the trial court erred by admitting certain photographs into evidence at trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of murder, a first degree felony.[1] Appellant pleaded "not guilty," and the case proceeded to a jury trial. On cross-examination, Appellant testified that on the morning following the incident, law enforcement required him to remove his clothing and took photographs of him. The State offered these six photographs into evidence. Appellant's counsel objected, stating that the photographs were "inflammatory, beyond any probative value." The trial court admitted the photographs. Copies of the photographs in the record depict Appellant's front torso, back torso, right and left side torsos, and lower body.[2] The copies of the photographs in the record are fairly small and are black and white.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02 (b)(1), (2), (c) (Vernon 2011).

[2] In the last two photographs depicting Appellant's lower body, it is impossible to determine if the photographs are of the front and back of his lower body or two photographs of the front or back of his lower body.

At the conclusion of trial, the jury found Appellant guilty of the lesser included offense of aggravated assault with a deadly weapon,[3] and assessed his punishment at five years of imprisonment and a $5,000.00 fine.[4]  This appeal followed.

**ADMISSION OF EVIDENCE**

In his sole issue on appeal, Appellant argues that the trial court erred by admitting photographs of him into evidence at trial.   More specifically, he contends that the photographs of him taken by law enforcement on the morning after the incident were not probative regarding any relevant issue at trial and were inflammatory in nature.

## Applicable Law

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).   A trial court does not abuse its discretion as long as its decision to admit or exclude evidence is within the "zone of reasonable disagreement."  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).   Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."   TEX. R. EVID. 403.

Under Texas Rule of Evidence 403, a photograph is admissible if it has probative value and that probative value is not substantially outweighed by the photograph's inflammatory nature. TEX. R. EVID. 403; *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009); *see also Nadal v. State*, No. 14-09-00756-CR, 2011 WL 2638175, at *8 (Tex. App.–Houston [14th Dist.] July 7, 2011, no. pet. h.). "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial."  *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).   Analysis under Rule 403 should include, but is not limited to, the following factors: (1) how probative the evidence is, (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way, (3) the time the

---

[3] A person commits the offense of aggravated assault with a deadly weapon if the person commits assault and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011).   This offense is a second degree felony.   TEX. PENAL CODE ANN. § 22.02(b) (Vernon 2011).

[4] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33 (Vernon 2011).

proponent needs to develop the evidence; and (4) the proponent's need for the evidence. **_Id._**

As a prerequisite to presenting a complaint for appellate review, the record must show that (1) the complaint was made to the trial court (2) by a timely request, objection, or motion (3) that stated the grounds for the ruling that the complaining party sought from the trial court (4) with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A).

## Analysis

On appeal, Appellant contends that the photographs were inflammatory because they depicted large tattoos that could have led the jury to speculate that Appellant was affiliated with a gang or involved in illicit behavior. In response, the State argues that Appellant cannot point to any place in the record showing any improper motive for admitting the photographs nor any improper arguments by the State. Further, the State contends the photographs were offered to refute the alleged violent nature and degree of the victim's actions towards Appellant.

Although Appellant objected to the photographs at trial, he did not specify why he believed these photographs were inflammatory. As the court of criminal appeals has explained,

> [t]he purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint. . . . [A] party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

**_Resendez v. State_**, 306 S.W.3d 308, 312-13 (Tex. Crim. App. 2009) (quoting **_Lankston v. State_**, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). Further, when the context shows that a party failed to effectively communicate his argument, the error will be deemed forfeited on appeal. **_Id._**

Here, Appellant claimed at trial that he killed the victim, Tyrone Price, in self-defense. According to Appellant's written statement, Price threatened and "pushed" Appellant. However, at trial, Appellant alleged that Price hit him in the throat, causing him to fall over some steps. He also testified that Price pushed him again, causing him to hit a door and shut it. On cross-examination, the State showed the photographs to Appellant and asked him if he received any injuries as a result of Price's conduct. Other than pointing out a "mark" on his back that resulted from hitting the door, Appellant denied receiving any injuries from Price.

In his objection at trial, however, Appellant did not let the trial court know the basis for his

objection and why he contended these photographs were inflammatory. *See **id.*** He never specified, as he argues here, that the photographs were objectionable because they depicted "large" tattoos on Appellant's body that could lead the jury to speculate that he was affiliated with a gang or involved in illicit behavior. Thus, the trial court was not aware of why Appellant believed the photographs to be inflammatory. *See **id.*** Because Appellant failed to state the grounds for his objection to the photographs with sufficient specificity to make the trial court aware of his complaint regarding the tattoos, he has waived this issue on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A). Accordingly, Appellant's sole issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.


### BRIAN HOYLE
Justice


Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)