NO.
12-10-00338-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JARON
ANTHONY BURTON,                        §                 APPEAL FROM THE THIRD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Jaron
Anthony Burton appeals his conviction for aggravated assault with a deadly
weapon. In his sole issue on appeal, Appellant argues that the trial court
erred by admitting certain photographs into evidence at trial.  We affirm.

 

Background

Appellant
was charged by indictment with the offense of murder, a first degree felony.[1] Appellant pleaded “not guilty,”
and the case proceeded to a jury trial.  On cross-examination, Appellant
testified that on the morning following the incident, law enforcement required
him to remove his clothing and took photographs of him. The State offered these
six photographs into evidence.  Appellant’s counsel objected, stating that the
photographs were “inflammatory, beyond any probative value.”  The trial court
admitted the photographs.  Copies of the photographs in the record depict
Appellant’s front torso, back torso, right and left side torsos, and lower
body.[2]  The copies of the photographs
in the record are fairly small and are black and white. At the conclusion of
trial, the jury found Appellant guilty of the lesser included offense of
aggravated assault with a deadly weapon,[3] and assessed his punishment at five years of
imprisonment and a $5,000.00 fine.[4]  This appeal followed.

 

Admission of Evidence

            In
his sole issue on appeal, Appellant argues that the trial court erred by
admitting photographs of him into evidence at trial.  More specifically, he
contends that the photographs of him taken by law enforcement on the morning
after the incident were not probative regarding any relevant issue at trial and
were inflammatory in nature. 

Applicable
Law

A
trial court's decision to admit or exclude evidence is reviewed for abuse of
discretion. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).  A trial court does not abuse its discretion as long as its decision to
admit or exclude evidence is within the “zone of reasonable disagreement.”  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).  Relevant
evidence may be excluded “if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.”  Tex. R. Evid.
403.

            Under
Texas Rule of Evidence 403, a photograph is admissible if it has probative
value and that probative value is not substantially outweighed by the
photograph's inflammatory nature.  Tex.
R. Evid. 403; Williams v. State, 301 S.W.3d 675, 690 (Tex.
Crim. App. 2009); see also Nadal v. State, No. 14-09-00756-CR, 2011
WL 2638175, at *8 (Tex. App.–Houston [14th Dist.] July 7, 2011, no. pet. h.).
“Rule 403 favors the admission of relevant evidence and carries a presumption
that relevant evidence will be more probative than prejudicial.”  Shuffield
v. State, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).  Analysis under
Rule 403 should include, but is not limited to, the following factors: (1) how
probative the evidence is, (2) the potential of the evidence to impress the
jury in some irrational, but nevertheless indelible way, (3) the time the
proponent needs to develop the evidence; and (4) the proponent's need for the
evidence.  Id.

            As
a prerequisite to presenting a complaint for appellate review, the record must
show that (1) the complaint was made to the trial court (2) by a timely
request, objection, or motion (3) that stated the grounds for the ruling that
the complaining party sought from the trial court (4) with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context.  Tex.
R. App. P. 33.1(a)(1)(A). 

Analysis

            On
appeal, Appellant contends that the photographs were inflammatory because they
depicted large tattoos that could have led the jury to speculate that Appellant
was affiliated with a gang or involved in illicit behavior.  In response, the
State argues that Appellant cannot point to any place in the record showing any
improper motive for admitting the photographs nor any improper arguments by the
State.  Further, the State contends the photographs were offered to refute the
alleged violent nature and degree of the victim’s actions towards Appellant. 

            Although
Appellant objected to the photographs at trial, he did not specify why he
believed these photographs were inflammatory.  As the court of criminal appeals
has explained,

 

[t]he purpose of
requiring a specific objection in the trial court is twofold: (1) to inform the
trial judge of the basis of the objection and give him the opportunity to rule
on it; [and] (2) to give opposing counsel the opportunity to respond to the
complaint. . . . [A] party must be specific enough so as to “let the trial
judge know what he wants, why he thinks himself entitled to it, and do so
clearly enough for the judge to understand him at a time when the trial court
is in a proper position to do something about it.”

 

 

Resendez
v. State,
306 S.W.3d 308, 312-13 (Tex. Crim. App. 2009) (quoting Lankston v. State,
827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).  Further, when the context shows
that a party failed to effectively communicate his argument, the error will be
deemed forfeited on appeal. Id.

            Here,
Appellant claimed at trial that he killed the victim, Tyrone Price, in
self-defense. According to Appellant’s written statement, Price threatened and
“pushed” Appellant.  However, at trial, Appellant alleged that Price hit him in
the throat, causing him to fall over some steps.  He also testified that Price
pushed him again, causing him to hit a door and shut it.  On cross-examination,
the State showed the photographs to Appellant and asked him if he received any
injuries as a result of Price’s conduct.  Other than pointing out a “mark” on
his back that resulted from hitting the door, Appellant denied receiving any
injuries from Price.

            In
his objection at trial, however, Appellant did not let the trial court know the
basis for his objection and why he contended these photographs were
inflammatory.  See id.  He never specified, as he argues
here, that the photographs were objectionable because they depicted “large”
tattoos on Appellant’s body that could lead the jury to speculate that he was
affiliated with a gang or involved in illicit behavior.  Thus, the trial court
was not aware of why Appellant believed the photographs to be inflammatory.  See
id.  Because Appellant failed to state the grounds for his
objection to the photographs with sufficient specificity to make the trial
court aware of his complaint regarding the tattoos, he has waived this issue on
appeal.  See Tex. R. App. P. 33.1(a)(1)(A).
 Accordingly, Appellant’s sole issue is overruled.

 

Disposition

The
judgment of the trial court is affirmed.

 

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

 

Opinion
delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 

 









[1]
See Tex. Penal Code Ann. §
19.02 (b)(1), (2), (c) (Vernon 2011).

 





[2] In
the last two photographs depicting Appellant’s lower body, it is impossible to
determine if the photographs are of the front and back of his lower body or two
photographs of the front or back of his lower body.

 





[3] A
person commits the offense of aggravated assault with a deadly weapon if the
person commits assault and uses or exhibits a deadly weapon during the
commission of the assault. Tex. Penal
Code Ann. § 22.02(a)(2) (Vernon 2011).  This offense is a second degree
felony.  Tex. Penal Code Ann. §
22.02(b) (Vernon 2011).

 





[4] An
individual adjudged guilty of a second degree felony shall be punished by
imprisonment for any term of not more than twenty years or less than two years
and, in addition, a fine not to exceed $10,000.00. Tex. Penal Code Ann. § 12.33 (Vernon 2011).