

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00102-CR

JOSE L. PEREZ                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jose L. Perez was indicted on one count of aggravated sexual assault of a child and one count of indecency with a child by contact. He was then reindicted on two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. The State later waived counts two and four, leaving one count of aggravated sexual assault of a child and one count of indecency with a child by contact. The complainant was Appellant's daughter.

---

[1]See Tex. R. App. P. 47.4.

Appellant's first trial resulted in a mistrial when the jury could not reach a verdict on either count. In the second trial, the jury found Appellant guilty of both counts and assessed punishment at thirty-eight years' confinement on the aggravated sexual assault conviction and twelve years' confinement on the indecency with a child conviction. The State filed a motion requesting that any sentences be stacked. Appellant's attorney objected, stating that "we oppose the motion based on the fact that the jury has the discretion of awarding a wide range of punishment, so we feel it's in their purview that they would be able to assess what they feel would be the appropriate amount of time in this matter." The trial court stacked the sentences, sentencing Appellant to confinement for a total of fifty years.[2]

Appellant filed a motion for new trial on the ground that the verdict was "contrary to the law and the evidence." The motion was overruled by operation of law.

In his first issue, Appellant argues that the trial court's stacking of the sentences for a total of fifty years' confinement resulted in an excessive and disproportionate punishment for the offenses of which he was convicted. The

---

[2]*See* Tex. Penal Code Ann. § 3.03(b)(2) (West Supp. 2011) (allowing stacking of sentences if accused is convicted of more than one listed offense arising out of same criminal episode during which complainant was younger than seventeen years of age; listed offenses include online solicitation of a minor, sexual performance of a child, prohibited sexual conduct, continuous sexual abuse of a child, indecency with a child, sexual assault, and aggravated sexual assault).

State argues that Appellant failed to preserve his complaint because he did not raise it when his sentences were imposed or in his motion for new trial. Although a criminal defendant often has no opportunity to object to a sentence he believes is excessive or disproportionate, in the case now before this court, Appellant was given the opportunity to object before the trial court imposed the stacked sentences. Before the jury returned its verdict on punishment, the State asked the trial court to stack the sentences when they were imposed. Appellant was given the opportunity to object at that time. He did object, but not on the grounds raised on appeal. Rather, he objected that the decision to stack the sentences interfered with the jury's authority to determine the appropriate length of sentence. He argued that the jury had the authority, after hearing all the evidence, to determine how long Appellant should be imprisoned. When the trial court stacked the sentences, the trial court essentially replaced the jury's determination with its own. Appellant's objection below is not an objection that the sentence is excessive or disproportionate.

The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited.[3] That is, the complaint must be "essentially

---

[3]*Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").

the same."[4] To determine whether the complaint on appeal comports with that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time.[5] Because Appellant's issue on appeal does not comport with his objections below, he has failed to preserve his complaint. We therefore overrule Appellant's first issue.

In his second issue, Appellant argues that Texas Penal Code section 3.03(b)(2) and Texas Code of Criminal Procedure article 21.24[6] are unconstitutional as applied to him. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[7] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[8] Specifically, a complaint that a statute is unconstitutional as applied to

---

[4]*Clarke v. State*, 270 S.W.3d 573, 580–83 (Tex. Crim. App. 2008).

[5]*Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Pena*, 285 S.W.3d at 464.

[6]Tex. Code Crim. Proc. Ann. art. 21.24 (West 2009) (allowing joinder of offenses arising out of same criminal episode).

[7]Tex. R. App. P. 33.1(a)(1); *Lovill*, 319 S.W.3d at 691–92.

[8]Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

the defendant must be preserved by raising it in the trial court.[9]   Because Appellant failed to preserve his complaint for our review by first raising it in the trial court, we overrule his second issue.

Having overruled both issues on appeal, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 26, 2012

---

[9]*Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).