**Affirmed and Memorandum Opinion filed May 7, 2013.**



In The

## Fourteenth Court of Appeals

NO. 14-12-00371-CR

**ANTHONY RAHMON SUTTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1320076**

## MEMORANDUM OPINION

Appellant, Anthony Rahmon Sutton, appeals his conviction for possession of a firearm by a felon. In two issues, appellant contends the trial court erred by admitting appellant's oral statements to police officers. We affirm.

### I. BACKGROUND

Appellant was convicted in 2004 for the felony offense of aggravated kidnapping and served a five-year sentence. On September 14, 2011, Bellaire

Police Sergeant Jeffrey Cotton stopped a car driven by appellant for a traffic violation. Sergeant Cotton discovered appellant had a felony warrant. While Sergeant Cotton was attempting to handcuff appellant, he fled on foot through an adjacent neighborhood. After an extensive chase, which other officers joined, Sergeant Cotton apprehended appellant. Sergeant Cotton returned to appellant's car, where another officer was guarding appellant's two passengers. Sergeant Cotton found a shotgun and an automatic rifle in an open case on the back seat. All three occupants were taken to the police station.

Shortly after appellant was booked, Corporal Christopher Barber handed Sergeant Cotton three .38 caliber bullets which were found by children in the neighborhood where appellant fled. Sergeant Cotton asked appellant about the location of the gun. At first, appellant denied any knowledge of a gun. Sergeant Cotton mentioned some children could find the gun and get hurt. Appellant then described the general location where he threw a black revolver over a fence during the chase. Sergeant Cotton asked where appellant obtained the revolver. He replied, "from a homeboy in [his] neighborhood." Sergeant Cotton asked why appellant had a shotgun and an automatic rifle in the car, considering his criminal record. Appellant replied, "I'm holding them for someone." The officers searched the area described by appellant and found a black .38 revolver.

A jury found appellant guilty of possession of a firearm by a felon. The trial court assessed punishment at six years' confinement.

## II. ANALYSIS

In two issues, appellant contends the trial court erred by admitting (1) the revolver, and (2) appellant's statements regarding the revolver and the guns found in his car. Appellant contends admission of this evidence violated his rights under the Fifth Amendment to the United States Constitution, as recognized in *Miranda*

2

*v. Arizona*, 384 U.S. 436, 478–79 (1966), and Texas Code of Criminal Procedure article 38.22 because officers did not read appellant the warnings required under *Miranda* or article 38.22.

## A.    Appellant's Statements

We will first address appellant's second issue concerning admission of his oral statements. In *Miranda*, the United States Supreme Court held that the Fifth Amendment to the United States Constitution prohibits use of an accused's oral statement made as result of custodial interrogation unless he is given certain warnings and knowingly, intelligently, and voluntarily waives the rights set out in the warnings. 384 U.S. 436, 478–79. Article 38.22, section 3(a) provides that no oral statement of an accused made as a result of custodial interrogation shall be admissible against him in a criminal proceeding unless (1) an electronic recording meeting certain requirements is made of the statement, (2) "prior to the statement but during the recording the accused is given" certain warnings, and (3) the accused "knowingly, intelligently, and voluntarily waives the rights set out in the warnings." Tex. Code Crim. Proc. Ann. art. 38.22, §3(a) (West 2005). The statutory warnings are virtually identical to the *Miranda* warnings plus one additional warning. *See id.*; *see also Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

It is undisputed appellant was in custody when he made the statements at issue, officers did not give appellant the *Miranda* or statutory warnings, and the statements were not recorded. However, appellant failed to preserve error on either of his arguments because they do not comport with his objection at trial. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

3

After voir dire, but before presentation of evidence, appellant objected outside the jury's presence that the statements did not comply with article 38.22, section 3(a) because he was not given the requisite warnings and the statements were not recorded. The State argued the statements were admissible under article 38.22, section 3(c), which provides,

> Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

Tex. Code Crim. Proc. Ann. art. 38.22 §3(c). Under this exception, "oral statements asserting facts or circumstances establishing the guilt of the accused are admissible if, at the time they were made, they contained assertions unknown by law enforcement but later corroborated." *Woods v. State*, 152 S.W.3d 105, 117 (Tex. Crim. App. 2004). Appellant argued section 3(c) was not satisfied because the location of the gun in the neighborhood was "not totally unknown" to the officers when appellant made his statements, considering they had recovered the bullets. The trial overruled the objection, remarking the statements were admissible under section 3(c).

On appeal, appellant does not urge the ground for his article 38.22 objection presented at trial; he acknowledges the officers admitted they likely would not have found the revolver absent appellant's statement describing the location of the revolver and asserting he threw it over a fence during the chase.[1] Instead, appellant now argues section 3(c) does not apply when officers have failed to give *Miranda*

---

[1] Appellant does not expressly acknowledge that his additional assertions—he obtained the revolver from a "homeboy" and he was holding the shotgun and automatic rifle for someone—were statements defined under subsection 3(c). However, "if such an oral statement contains even a single assertion of fact found to be true and conducive to establishing the defendant's guilt, then the statement is admissible in its entirety." *Woods*, 152 S.W.3d at 117.

or statutory warnings. We will address separately his *Miranda*/constitutional and article 38.22 arguments because they constitute distinct complaints, each requiring an appropriate objection. *See Resendez v. State*, 306 S.W.3d 308, 315 (Tex. Crim. App. 2009).

### 1. *Miranda*/Constitutional Argument

Appellant cites authority recognizing section 3(c) does not prescribe an exception to the requirements of *Miranda*. *See, e.g.*, *Perillo v. State*, 758 S.W.2d 567, 575 (Tex. Crim. App. 1988). Nevertheless, appellant did not present a *Miranda*/constitutional objection at trial. We acknowledge appellant's counsel asserted at one point that appellant was "not Mirandized." However, when considered in context, counsel used the term "Mirandized" as a generic reference to the statutory warnings (as similar to the constitutionally-mandated *Miranda* warnings) and made clear he was raising only an article 38.22 objection. *See Resendez*, 306 S.W.3d at 313 (stating appellate court "cannot consider just the specific complaint in question" but "must also look at the context" when determining whether party preserved error).

Specifically, at the hearing outside the jury's presence, appellant made two objections: (1) the article 38.22 complaint; and (2) an assertion the State did not provide timely notice the statements led to recovery of the revolver (a contention not reiterated on appeal). The trial court remarked, "Let's take those one at a time. So your first objection would be that it doesn't fit within the exception to 38.22(3)(c) --." Appellant's counsel responded, "Yes." Appellant argued only that the particular facts did not satisfy the section 3(c) definition as though the exception would apply if it were satisfied. Appellant never argued section 3(c) was inapplicable because he was raising a *Miranda*/constitutional complaint.

5

After overruling the article 38.22 objection, the trial court allowed appellant an extra day for preparation before the State could offer the statements in light of appellant's notice objection. Therefore, during direct examination of Sergeant Cotton that day, the State did not mention the statements. The next day, appellant re-urged his notice objection. Appellant's counsel made clear his first objection the previous day was based solely on article 38.22: "I raised two issues initially. The first one, of course, is being it didn't comply with Article 38.22 Subsection 3(a)." In fact, counsel then argued, relative to his second objection, that if he had been provided proper notice, he might have raised "Miranda issues, Fifth Amendment issues, whether there is other issues in regards to Subsection 38.22 or 38.23 . . . and, more importantly, whether or not it should be suppressed." *See* Tex. Code Crim. Proc. Ann. Art. 38.23(a) (West 2005) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."). Thus, appellant represented he had not made a *Miranda*/constitutional objection the previous day. Alternatively, to the extent appellant's isolated reference the previous day to not being "Mirandized" can be construed as a *Miranda*/constitutional objection, he abandoned the objection by representing the next day he was making no such complaint.

The purpose of requiring a specific objection at trial is twofold: (1) to inform the trial court of the basis of the objection and give it the opportunity to rule; and (2) to give opposing counsel the opportunity to respond to the complaint. *Resendez*, 306 S.W.3d at 312. To preserve error for appeal, a party must be sufficiently specific to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* at

313. On the second day that the objections were discussed, Sergeant Cotton had not yet testified regarding appellant's statements. Thus, despite having overruled the article 38.22 objection, the trial court was still in a position "to do something about it" if appellant had also made a *Miranda*/constitutional objection. Appellant did not provide the trial court an opportunity to consider that section 3(c) would not apply to a *Miranda* violation or the State an opportunity to argue a recognized *Miranda* exception might apply. Accordingly, appellant failed to preserve error on his *Miranda*/constitutional complaint. *See Olson v. State*, No. 14–06–00338–CR, 2007 WL 1745837, at *1 (Tex. App.—Houston [14th Dist.] June 19, 2007, no pet.) (mem. op., not designated for publication) (holding motion in which defendant asserted statement should be suppressed under article 38.22 did not preserve appellate argument statement should be suppressed under federal and state constitutions).

## 2. Article 38.22 Argument

With respect to his article 38.22 argument, appellant suggests section 3(c) applies only to the statutory requirement that an oral statement be recorded and not to the requirement that a defendant be given the statutory warnings. Appellant also failed to raise this contention at trial. His entire article 38.22 objection hinged on his contention that section 3(c) was not satisfied under the facts of this case as though it would provide an exception to the statutory-warnings requirement if it were satisfied.

Regardless, section 3(c) expressly prescribes an exception to the entire section 3(a), which contains the requirement that the warnings be provided **and** recorded. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c) ("Subsection (a) of this section shall not apply to any statement [satisfying section 3(c)]"); *id.* § 3(a). Appellant relies on the following statement from the Court of Criminal Appeals in

*Perillo*, which has subsequently been cited again by that court and other courts of appeals: "*Miranda* warnings must precede a statement offered under Article 38.22, § 3(c)." *Perillo*, 758 S.W.2d at 575; *see also, e.g.*, *Robertson v. State*, 871 S.W.2d 701, 714 (Tex. Crim. App. 1993). However, considered in context, the *Perillo* court articulated that the above-quoted statement applies when a *Miranda* complaint is presented and section 3(c) is an exception to the statutory-warnings requirement when no *Miranda* complaint is presented. *See Perillo*, 758 S.W.2d at 575. Specifically, after the above-quoted statement, the court continued, "Nor does appellant assert that *Miranda* has been transgressed. Because § 3(c) expressly exempts confessions otherwise admissible under its terms from the *statutorily* required warnings, we cannot conclude that Article 38.22, supra, has been violated." *Id.* (emphasis in original); *see also Ex parte Stansbery*, 702 S.W.2d 643, 647 (Tex. Crim. App. 1986) (op. on rehearing) ("In these circumstances, Section 3(c) exempts applicant's oral statement from the warning requirements" of section 3(a)). Accordingly, the trial court did not abuse its discretion by determining appellant's statements were admissible under section 3(c) and overruling his article 38.22 objection. We overrule appellant's second issue.

**B.      The Revolver**

In his first issue, appellant contends the trial court erred by admitting the revolver into evidence during trial. Appellant also failed to preserve error on this complaint. At the hearings outside the jury's presence, appellant's objected to admission of his oral statements regarding the revolver but not to admission of the revolver itself. Additionally, appellant asserted "no objection" when the State offered the revolver during trial. Therefore, even if his objection outside the jury's presence may be construed as encompassing admission of the revolver, his subsequent assertion waived any such complaint. *See Gearing v. State*, 685

S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33 (Tex. Crim. App. 1997).  We overrule appellant's first issue.

We affirm the trial court's judgment.


/s/     John Donovan
        Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).