**Affirm and Opinion Filed July 26, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00462-CR**

**LINH DIEM LE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82150-10**

## OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

A jury convicted appellant of possession of a controlled substance in an amount less than one gram. The trial judge assessed punishment at 395 days imprisonment, suspended for three years' community supervision. In a single issue on appeal, appellant contends her custodial statement concerning drug use was inadmissible. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

## BACKGROUND

On April 26th, 2010, Sergeant Thornton of the Plano Police Department was dispatched to a domestic disturbance call at Appellant's apartment. Once on the scene, officers entered the apartment and discovered appellant and a man arguing. After the pair was separated, appellant gave officers consent to search the apartment.

During the search, Sergeant Thornton found a loaded handgun and marijuana residue inside appellant's purse. Her purse also smelled strongly of marijuana. Baggies normally associated with the sale of narcotics, a digital scale, and marijuana residue were found in appellant's bedroom.

Sergeant Thornton told appellant to "just go ahead and tell me where it's at so that I don't have to rip everything apart in here." Appellant responded by walking into her bedroom, opening a drawer located next to her bed, and removing a small jewelry box. The box contained crack cocaine and a piece of women's jewelry. Appellant was placed under arrest.

At the jail, Teresa Houston, a detention officer, asked appellant a series of standardized book-in questions, which are asked of every prisoner. One of the questions inquired as to whether appellant had a drug or alcohol dependency. Appellant responded, "Yes, crack, weed and coke."

At trial, appellant testified the crack did not belong to her because she did not use or sell cocaine. When the State called Houston in rebuttal to impeach appellant's testimony, appellant requested a hearing outside the presence of the jury.

The State made an offer of proof, during which Houston testified about the book-in questions. Houston explained that the jail has a standardized list of questions that are asked of everyone in custody. She further explained that the purpose of the questions is to ensure that inmates receive appropriate care. Appellant was asked about her drug or alcohol dependency to ensure the proper supervision, housing, and medical treatment of appellant. Her response placed the staff on notice to monitor appellant for signs of withdrawal.

At the conclusion of Houston's testimony, appellant's counsel objected that "there is no statutory basis for it coming into evidence." The trial court overruled the objection. Later, in the presence of the jury, appellant's counsel objected to Houston's testimony stating, "it violates

–2–

Texas Code of Criminal Procedure Article 38.22 and 38.23." The trial court overruled the objection. During closing argument, the State argued that appellant's contradictory answers about drug use impeached her credibility. The jury subsequently convicted appellant of possession of a controlled substance in an amount less than one gram. This appeal followed.

## DISCUSSION

In a single issue, appellant argues that her custodial statement concerning drug use is inadmissible because she was not given a *Miranda* warning. The State responds that the issue has not been preserved for our review. In the alternative, the State argues the book-in question did not violate Miranda because it reasonably related to a legitimate administrative concern and because the information elicited was used in rebuttal to impeach appellant.

We first consider whether the alleged error has been preserved for our review. To preserve error for appellate review, the complaining party must make a timely, specific objection in the trial court and obtain a ruling on the objection. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Broxton v. State*, 909 S .W.2d 912, 918 (Tex. Crim. App. 1995). Generally, a party's objection "must be specific enough so as to 'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). In addition, appellate arguments must comport with the objections made at trial. *See Gallo v. State*, 239 S.W.3d 757, 758 (Tex. Crim. App. 2007).

Here, appellant's trial objection does not comport with her complaint on appeal. On appeal, appellant complains that the testimony violated *Miranda*. But when appellant first objected to the testimony, she objected only that there was no statutory basis to allow the testimony. Subsequently, appellant asserted a statutory objection, claiming that the testimony

violated articles 38.22 and 38.23 of the code of criminal procedure. The court of criminal appeals has stated, however, that the violation of article 38.22, a statutory argument, is legally distinct from the constitutional argument. *See Resendez v. State*, 306 S.W.3d 308, 315 (Tex. Crim. App. 2009). We see no reason why this would not also apply to article 38.23, which is also a statute. Therefore, appellant's issue has not been preserved for our review.

But even if appellant's issue had been properly preserved, her argument is without merit. In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." This is because "the coercion inherent in custodial interrogation blurs the line between voluntary and involuntary statements, and thus heightens the risk that an individual will not be accorded his privilege under the Fifth Amendment not to be compelled to incriminate himself." *Id*. at 439.

Under both the federal and state constitutions, however, questioning attendant to an administrative "booking" procedure does not generally require *Miranda* warnings. *See Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990) (holding that officer asking arrestee for his name, his address, and similar basic information had not triggered *Miranda* requirements because such questions "fall within a 'routine booking question' exception which exempts from *Miranda's* coverage questions to secure the biographical data necessary to complete booking or pretrial services") (internal quotation omitted); *Cross v. State*, 144 S.W.3d 521, 524 n. 5 (Tex. Crim. App. 2004) (holding that administrative questions do not constitute "interrogation" because they are not normally expected to elicit incriminating responses).

In *Alford v. State*, 358 S.W.3d 647,661 (Tex. Crim. App. 2012) the court of criminal appeals considered how to assess whether a book-in question falls outside the purview of

*Miranda*. The court concluded that to determine whether a book-in question falls outside *Miranda*, the court must consider whether, under the totality of the circumstances, a question is reasonably related to a legitimate administrative concern. *Id*. To make this determination, the court objectively weighs all the facts and circumstances surrounding the question. *Id*. at 660.

In the present case, Houston testified that the question about drug dependency is asked of all prisoners, and pertains to the way prisoners are housed and monitored. If a prisoner acknowledges drug or alcohol dependency, they are housed in a separate area of the jail to be constantly observed in case the prisoner experiences withdrawal. Therefore, under these circumstances, we conclude the question about drug dependency was related to the legitimate administrative concern of monitoring inmates.

Moreover, the State used appellant's statement for purposes of impeachment. A defendant can be impeached with a prior inconsistent statement that would ordinarily be inadmissible as a *Miranda* violation. *Harris v. New York*, 401 U.S. 222, 226 (1971). Therefore, we conclude the trial court did not err in admitting the statement. Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

_____
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120462F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LINH DIEM LE, Appellant

No. 05-12-00462-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82150-10.
Opinion delivered by Justice FitzGerald.
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 26, 2013

KERRY P. FITZGERALD
JUSTICE