**Opinion filed July 23, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00184-CR

_____

## SHANE VINCENT SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13741**

### M E M O R A N D U M   O P I N I O N

Shane Vincent Smith appeals his jury conviction for the offense of assault involving family violence with a previous conviction for assault involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014). The jury assessed punishment at confinement for a term of seven years in the Texas Department of Criminal Justice, Institutional Division. In two issues on appeal, Appellant contends that the trial court erred when it allowed into evidence

Appellant's statements and when it denied Appellant's counsel the opportunity to cross-examine a witness about potential bias. We affirm.

*Background Facts*

Cecilia Kimmell and Appellant met and began living together in late 2011. Kimmell's brother, Claude Taylor, Jr., went to visit them one night. Appellant and Taylor began to fight, and Kimmell stopped them. When Kimmell confronted Appellant about the fight, Appellant pushed her to the ground and hit her in the face with a chair. Kimmell told Appellant to leave and went to a neighbor's house to call the police; Appellant went to a nearby golf course.

Seth Redding, an officer with the Stephenville Police Department, testified that he was dispatched to Kimmell's house in reference to an assault. Officer Redding testified that Kimmell told him that Appellant had left the house running in the direction of a nearby golf course. Officer Redding said that he requested an ambulance for Taylor and then went to the hospital to talk with Taylor. While at the hospital, Officer Redding received notice that Appellant had returned to the scene and had been taken into custody. Officer Redding went to meet with Appellant and was told that Appellant had already been read his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). Officer Redding testified that Appellant said that Kimmell told him to leave and that he was at the golf course when police arrived. Appellant's counsel objected to Officer Redding's testimony because Appellant was in custody and no recording existed that Appellant had been informed of his rights or that he had waived them. The trial court overruled the objection and allowed the testimony.

During his cross-examination of Kimmell, Appellant's trial counsel attempted to question her about a felony charge pending in the same court as the underlying proceeding that was being prosecuted by the same district attorney's office. Appellant sought to impeach Kimmell's testimony in the underlying proceeding on

2

the basis that she may have been trying to curry favor with the prosecutor's office by offering testimony adverse to Appellant in hopes of seeking more favorable treatment on her own pending felony charge. Appellant's counsel stated that he was not "trying to suggest that [the prosecutor] has made a deal with her or has promised her things" but that "it's in her best interest to say things consistent with what will please this prosecutor, even if she hasn't been promised anything." The trial court denied counsel's request. Appellant's counsel subsequently cross-examined Kimmell about the events that occurred. He elicited testimony that, five days after the assault, Kimmell told Appellant that she loved him and missed him.

*Analysis*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). We will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). In his first issue, Appellant argues that the trial court erred when it admitted into evidence Appellant's statements to Officer Redding. Appellant asserts that he was in police custody, that Officer Redding questioned Appellant without informing him of his rights, and that Officer Redding did not record the oral statements that he testified to at trial.

We note at the outset that Officer Redding testified that another officer had previously provided Appellant with *Miranda* warnings when he was taken into custody. Thereafter, Appellant objected at trial that Officer Redding's testimony regarding Appellant's statements should be excluded for failing to comply with Article 38.22, section 3 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2014). Accordingly, we will only review Appellant's complaint under his first issue for compliance with Article 38.22, section 3 because that is the only issue preserved for appellate review. *See* TEX. R. APP. P. 33.1.

Article 38.22 prescribes various statutory requirements that must be satisfied before a statement made by an accused as a result of custodial interrogation will be admitted against him at trial. CRIM. PROC. art. 38.22; *Resendez v. State*, 306 S.W.3d 308, 315 n.34 (Tex. Crim. App. 2009); *Davidson v. State*, 25 S.W.3d 183, 186 n.4 (Tex. Crim. App. 2000). Noncompliance with the statutory requirements of Article 38.22 does not mean that the statement was necessarily obtained as a result of any legal or constitutional violation. *Resendez*, 306 S.W.3d at 315 n.34; *Davidson*, 25 S.W.3d at 186 n.4. Therefore, the erroneous admission of a statement in violation of Article 38.22 is nonconstitutional error. *Nonn v. State*, 117 S.W.3d 874, 880–81 (Tex. Crim. App. 2003). We review nonconstitutional error under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b). When an appellate court applies Rule 44.2(b), it must disregard nonconstitutional error unless it affects the appellant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). An appellate court should not overturn a criminal conviction for nonconstitutional error "if the appellate court, *after examining the record as a whole*, has fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Id.* (quoting *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001)) (internal quotation mark omitted).

Over Appellant's objection, the trial court admitted Officer Redding's testimony that Appellant told him that Kimmell had told Appellant to leave and that he had gone to the golf course before police arrived at the scene. Officer Redding had previously testified, without objection, that Kimmell told him that Appellant walked away in the direction of the golf course, and Officer Redding subsequently testified that Appellant went to the golf course, also without objection. Kimmell also testified that she told Appellant "to get out" and that Appellant walked toward the golf course before police arrived, again without objection.

4

The improper admission of evidence is generally harmless when the same facts are proven by other properly admitted evidence or evidence admitted without objection. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986). Additionally, the improper admission of a defendant's statements at trial is harmless when those statements were not incriminating. *See Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). Thus, even if the trial court erred by admitting Officer Redding's testimony of Appellant's statements, the same facts were admitted without objection, so any error was harmless. *See Brooks*, 990 S.W.2d at 287; *Anderson*, 717 S.W.2d at 628. Additionally, Appellant's statements that Kimmell told him to leave and that he went to the golf course before police arrived are not incriminating. Accordingly, any error in their admission was harmless. *See Gardner*, 306 S.W.3d at 295. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred when it prohibited his trial counsel from cross-examining Kimmell about her possible bias to provide favorable testimony for the State. As noted previously, Appellant contends that the trial court erred in prohibiting his trial counsel from questioning Kimmell about a pending felony charge against her. He argues on appeal that the exclusion of this evidence violated his rights under the Confrontation Clause. *See* U.S. CONST. amend. VI. However, he did not seek to offer this evidence under the Confrontation Clause at trial. Instead, he cited Rule 613(b) of the Texas Rules of Evidence as the sole basis for its admission. Because Appellant did not clearly articulate that the Confrontation Clause demanded admission of the evidence, the trial court was not given an opportunity to rule upon a Confrontation Clause complaint. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Failure to object to a Confrontation Clause error at trial waives the complaint on appeal. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). Accordingly,

Appellant has not preserved his Confrontation Clause contention for appellate review. *See* TEX. R. APP. P. 33.1.

Moreover, Appellant did not make an offer of proof concerning the nature of the pending charge against Kimmell or any details concerning the charge. To preserve error regarding the exclusion of evidence, an offer of proof is required unless the substance of the excluded evidence is apparent from the record. TEX. R. EVID. 103(a)(2); *Williams v. State*, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996). As the trial court concluded, Appellant's contention of bias was "just speculation" without more information. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

July 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6