

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00113-CR

———————————————

JALEEL BERTRAND FRANKLIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1368033D

Before Sudderth, C.J.; Meier and Kerr, JJ.
Memorandum Opinion by Justice Meier

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Jaleel Bertrand Franklin appeals his conviction for, and thirty-year sentence related to, the continuous sexual assault of a child under the age of fourteen. In two issues, Franklin argues that the trial court abused its discretion by allowing the State's forensic-interview witness to testify at trial and by not allowing him to question the primary investigator in this case about what Franklin said in an interview before his arrest. Because we conclude that Franklin has failed to preserve these complaints for our review, we will affirm.

### II. BACKGROUND

Because the resolution of the complaints that Franklin presents is not dependent upon the cumulative facts of the case, we include only a brief recitation of them. In 2005, Jane[1] and her family moved to Texas. While Jane's mother worked, Franklin would often help babysit Jane and her siblings. At trial, Jane testified that Franklin had sexual intercourse with her about twenty times during 2012 and 2013. At the time these events began, Jane was eleven years old and Franklin was eighteen years old.

At trial, Franklin objected to the testimony of the forensic interviewer, Carrie Paschall. Specifically, and citing the rules of evidence, several disciplinary rules, and

---

[1]We use aliases to protect the identity of the minor child complainant in this case. *See* Tex. R. App. P. 9.8 cmt., 9.10.

due process, Franklin argued that Paschall could not testify because she had interviewed Jane while Paschall worked as an employee for the Tarrant County District Attorney's Office as a forensic interviewer. The trial court overruled Franklin's objection and allowed Paschall to testify.

Later, the trial court held a hearing outside the presence of the jury based on the State's motion seeking a pretrial ruling. Following that hearing, and after the trial court defined the parameters of what defense counsel would be allowed to ask of the primary investigator in this case, Rebecca Graves, Franklin stated that he was "good" with the trial court's ruling.

Ultimately, a jury found Franklin guilty of continuous sexual assault of a child under the age of fourteen. After both sides presented punishment evidence, the jury assessed punishment at thirty years' incarceration. The trial court rendered judgment accordingly, and this appeal followed.

## III. DISCUSSION

In his first and second issues, Franklin argues that the trial court abused its discretion by allowing Paschall to testify and by not allowing him to question Graves about statements he made when she interviewed him prior to his arrest. We conclude that Franklin has failed to preserve both of these issues for our review.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or

3

motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."). To determine whether the complaint on appeal comports with that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Clark*, 365 S.W.3d at 339; *Resendez v. State,* 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Pena*, 285 S.W.3d at 464.

In his first issue, Franklin argues that the trial court abused its discretion by allowing Paschall to testify regarding her forensic interview of Jane. But Franklin's complaint on appeal does not comport with the complaint he made in the trial court.

4

At trial, outside the presence of the jury, Franklin initially objected under evidentiary rules 702 and 705 that Paschall did not qualify as an expert. *See* Tex. R. Evid. 702, 705. Ultimately during the hearing, however, Franklin stated that he was "satisfied that [Paschall] was an expert."

Later in the hearing, Franklin also objected that Paschall should not be allowed to testify because she had worked for the Tarrant County District Attorney's Office at the time she conducted the forensic interview. Pertaining to this argument, Franklin argued that Texas Committee on Professional Ethics Opinion Number 513 and Texas Disciplinary Rules 1.05, 3.08, and 5.03 precluded Paschall's testimony. After much discussion, and after Franklin and the State both offered cases interpreting these rules in support of their respective arguments, the following colloquy took place:

> [Defense Counsel]: Yes, Your Honor. I -- the -- the case law that you've had a chance to review was confined to civil [opinions regarding the disciplinary rules cited] because neither I nor the prosecutors could find a criminal case to provide you during the discussion that we had on this.
>
> But my thinking is this is -- if -- if there is a violation in the criminal court, it's going to be a due process of law under the United States Constitution or due course of law in the Texas Constitution violation. And that would be the way I would . . .
>
> THE COURT: I understand that. Now, when you say the due process application, the due process application is consistent with a constitutional review and the rights that are enumerated in the Bill of Rights. Now, we agree that the disciplinary rules [are] not the Constitution. We –
>
> [Defense Counsel]: We agree.

> THE COURT: It isn't. Now, it sets the minimum standard by which attorneys are governed by. I -- I will -- I will state it that way. However, the -- the -- in this particular circumstance[], the Constitution, due process, the Rules of Evidence trump the disciplinary rules. And if there was a disciplinary rule violation, then there would be other remedies that would be available, wouldn't you agree?
>
> [Defense Counsel]: I do agree, and I made it very clear that I wasn't raising the issue as an ethics violation.
>
> THE COURT: No, and I appreciate that. And that -- and they're -- clearly in my opinion, there has not been an ethics violation. But you're raising the [due process] standard on the basis of a disciplinary rule, and that's something that needs to be said.

Ultimately, the trial court overruled Franklin's objection.

It is clear from the record of the hearing that Franklin, the State, and the trial court all shared the understanding that Franklin was basing his due-process argument upon the disciplinary rules that he had cited. Indeed, both Franklin and the State cited cases interpreting the very rules that Franklin based his objection on. *See Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex. 1996) (holding that the Texas Disciplinary Rules of Professional Conduct establish the minimum standards of conduct for attorneys); *Warrilow v. Norrell*, 791 S.W.2d 515 (Tex. App.—Corpus Christi 1989, writ denied) (holding that trial court abused its discretion by failing to disqualify attorney witness under disciplinary rules when attorney testified as both a fact and an expert witness and actively advocated at trial by questioning witnesses, addressing the court, and arguing to the jury). Further, the trial court explicitly pinned down Franklin's objection and stated that Franklin was basing his

6

due-process argument on the disciplinary rules he had cited. Now on appeal, even though Franklin uses the term "due process," as he did in the trial court, his appellate argument is predicated on a court of criminal appeals decision and one of this court's decisions pertaining to the admissibility of recorded forensic interviews when the child complainant is unavailable to testify at trial. *See Bays v. State*, 396 S.W.3d 580, 590 (Tex. Crim. App. 2013); *see also Rangel v. State*, 199 S.W.3d 523, 540 (Tex. App.—Fort Worth 2006, pet. dism'd). This is simply not the complaint Franklin made to the trial court, and it certainly was not the shared understanding of the parties. *See Clark*, 365 S.W.3d at 339; *Resendez*, 306 S.W.3d at 313; *Pena*, 285 S.W.3d at 464. Thus, Franklin's complaint on appeal does not comport with the complaint he brought before the trial court. We overrule Franklin's first issue.

In his second issue, Franklin argues that the trial court abused its discretion by ruling that statements he made to Graves before his arrest were inadmissible.[2] After a hearing, predicated on the State's motion in limine, the trial court ruled that Franklin could generally ask Graves whether she had interviewed witnesses and the frequency that she had interviewed them but that Franklin could not question her about what Franklin had specifically said to her. *See Allridge v. State*, 762 S.W.2d 146, 150–53 (Tex. Crim. App. 1988), *cert. denied*, 489 U.S. 1040 (1989). The Defense counsel's response

---

[2]Specifically, Franklin complains on appeal that "[t]he trial court erred when it misconstrued *Allridge v. State* when it refused to allow testimony pertaining to [Franklin's] compliance with the Grapevine Police Department's investigation."

to the trial court's ruling was "I'm good with that."[3]  In short, not only did Franklin fail to object in the trial court raising the complaint he now asserts on appeal, he affirmatively acknowledged that he was "good" with the trial court's ruling. Therefore, Franklin has failed to preserve this issue for our review and we overrule his second issue.  *See* Tex. R. App. P. 33.1(a)(1); *Douds*, 472 S.W.3d at 674.

## IV.  CONCLUSION

Having overruled both of Franklin's issues on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
Bill Meier
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 31, 2018

---

[3]Franklin also stated at the hearing that he "agreed to the *Allridge* [m]otion."