

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AARON TREVINO, | § | No. 08-23-00111-CR |
| Appellant, | § | Appeal from the |
| v. | § | 187th Judicial District Court |
| STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2021CR7554) |

## <u>MEMORANDUM OPINION</u>

Appellant Aaron Trevino was found guilty and sentenced to 60 years for aggravated assault with a deadly weapon causing serious bodily injury. TEX. PENAL CODE ANN. § 22.02(b). In this appeal, he argues that evidence of extraneous offenses and photographs were inadmissible because their prejudicial effect outweighed their probative value.[1] Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 2020, Appellant and Regina Briones met online and began a dating relationship. By the end of the month, the two were living together. The relationship was an abusive one, however, with multiple calls to law enforcement. On September 28, 2020, Appellant hit Briones on the head

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent they might conflict with our own. *See* TEX. R. APP. P. 41.3.

hard enough to leave a knot. On October 9, 2020, Appellant again hit her on the head, this time with a glass bottle.[2] Briones ended the relationship, and both moved from the shared apartment in November 2020.

On November 22, 2020, Briones met with Appellant to return lingerie that he had purchased. Later that night, when Briones tried to leave, Appellant followed her and pulled her to the ground by her ponytail. Briones tried to get up four times and, each time, Appellant pulled her back to the ground by her hair. Briones then grabbed a can of gasoline that was nearby and poured it on herself. She testified that she was not thinking clearly and believed that it would make Appellant stop hitting her. Instead, Appellant took a lighter out of his pocket. She lunged for it but could not get it away from him. After he pushed her back, he said, "Don't think I won't do it." He then clicked the lighter and the spark ignited the gasoline, setting Briones on fire. She dropped and rolled to extinguish the flames. Appellant then told her to say that it was an accident and impliedly threatened that he would hurt her family if she reported him. A neighbor heard Briones screaming for help and called 911. Although the neighbor did not see the fire, she saw that Briones was burned, that the skin was coming off her hands, and that her shirt had burned off. The neighbor could also hear Appellant repeatedly saying to Briones "please don't tell."

Briones was in the hospital from the date of the incident, November 23, 2020, until March 8, 2021. She suffered burns over forty percent of her body which were life-threatening. She suffered burns to her face, torso, arms, and hands. Along with debridement of the burned skin, a finger was amputated, and breast tissue was removed. As of trial, she had had at least 10 surgeries

---

[2] Briones also testified that a few days before the October 9, 2020 incident, she had been hit in the head with brass knuckles. Detective Rachel Mendez testified that the police were called 16 or 17 times between September and November 2020, but did not provide details of those incidents.

and will need more. Because Briones no longer has pores where she was burned, she struggles to regulate her body temperature. She also has limited mobility issues, especially with her hands.

Appellant was indicted for aggravated assault with a deadly weapon causing serious bodily injury to a person with whom he had a dating, family, or household relationship. TEX. PENAL CODE ANN. § 22.02(b). He pled not guilty and was tried by a jury. At trial, outside the presence of the jury, Appellant objected to evidence of extraneous offenses under Rule of Evidence 404. The trial court overruled the objection and Briones was allowed to testify about the September 28 and October 9 assaults. The State later offered 13 photographs of Briones taken after she was released from the hospital. Appellant objected, arguing that the photographs were not admissible under Rule of Evidence 403. The trial court also overruled this objection and admitted the pictures into evidence. These two evidentiary rulings are the subject of this appeal.

## EVIDENCE OF EXTRANEOUS OFFENSES

At trial, Appellant objected to evidence of the two incidents where he hit Briones on the head because they were extraneous offenses. Extraneous offenses are inadmissible when they are used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). That said, when used for purposes other than showing action in conformity with character, extraneous offenses are admissible. The rule contains a non-exhaustive list of such purposes: "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b). In prosecution of crimes involving family or dating members, another admissible purpose of extraneous offense evidence is to explain "the nature of the relationship between the actor and the alleged victim." TEX. CODE CRIM. PROC. ANN. art. 38.371(b).

3

Appellant concedes on appeal that the evidence of the September and October 2020 assaults had purposes other than showing conformity with character and was admissible under Rule 404 and Article 38.371. But Appellant argues that the evidence is inadmissible under Texas Rule of Evidence 403. Under Rule 403, otherwise admissible evidence can be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Important here, Rules 403 and 404 are separate grounds of inadmissibility and each requires an objection:

> [A]n objection that proffered evidence amounts to proof of an "extraneous offense" will no longer suffice, by itself, to invoke a ruling from the trial court whether the evidence, assuming it has relevance apart from character conformity, is nevertheless subject to exclusion on the ground of unfair prejudice. Further objection based upon Rule 403 is now required.

*Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (en banc) (op. on reh'g).

Appellant objected to the evidence of the September and October incidents on two grounds—that they would be used to show Appellant's character and were therefore inadmissible under Rule 404 and that the criminal cases related to those incidents had been dismissed. In his exchange with the trial court, counsel stated,

> Defense objection is that, obviously, Judge, the 404(b) -- those are extraneous offenses, number one. Number two, those allegations have been dismissed; okay? So aside from bringing up issues that have been dismissed, I think the only purpose of bringing up these extraneous offenses are just to tank the jurors' minds when it comes to [Appellant].

The State responded that they were offering the evidence to show the nature of the relationship between Appellant and Briones. Appellant then argued that the State would have to prove the extraneous offenses beyond a reasonable doubt which they could not do because the criminal cases had been dismissed. The court overruled that objection. Appellant requested a continuing objection

4

on the ground that in its dismissal of the criminal cases, the State had stated that it would only use the extraneous offense evidence during the punishment phase. At no time did Appellant urge a Rule 403 objection or otherwise argue that the extraneous offense evidence was more prejudicial than probative. That failure runs headlong into forfeiture principles that we must honor. *See Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) (to preserve error for review, a party's objection "must be specific enough so as to let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it") (internal quotation marks omitted); *Watson v. State*, No. 08-19-00026-CR, 2020 WL 4581888, at *4 (Tex. App.—El Paso Aug. 10, 2020, pet. ref'd) (not designated for publication) (objection that does no more than mention Rule 403 "is not sufficient to preserve error because it fails to identify for the trial court which of the five distinct grounds for excluding evidence listed in the rule is being argued as a basis for exclusion"); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial."). Appellant has therefore forfeited this issue. We overrule Appellant's Issue One.

## PHOTOGRAPHS OF INJURIES

The State offered and the trial court admitted into evidence 13 pictures of Briones taken after she was released from the hospital and was receiving outpatient services. The photographs are of various parts of Briones' body and Briones testified about each photograph and the injury or results of surgeries that they showed. Dr. Rodney Chan and Dr. Jonathan Lundy, both of whom had performed surgeries on Briones, also referred to the photographs while testifying. For example, Dr. Chan explained how the burns and scars tightened Briones' skin, limiting her mobility, and required surgery. The photographs also showed where healthy skin was taken from

Briones' thighs, one of the only places on her body that was not burned, and used for skin grafts. Dr. Lundy testified similarly and explained how some burn wounds did not heal properly, resulting in the need for multiple skin grafts.

Admissible evidence can be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" TEX. R. EVID. 403. Appellant argues both that the photographs have no probative value and that they were unfairly prejudicial. Unlike with the extraneous offense evidence, Appellant objected on Rule 403 grounds and preserved that issue for appeal. Rulings on the admissibility of evidence under Rule 403 are reviewed for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). A court does not abuse its discretion so long as its ruling is "within the zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391.

## A. Probative value of the photographs

Appellant does not dispute that photographs of injuries are relevant in an aggravated assault case, but argues that the photographs of Briones "had no probative value before the jury because the photos were taken months after the incident." The probative value of evidence is "how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation[.]" *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Briones' condition months after she was burned was a "fact of consequence." *Gallo*, 239 S.W.3d at 762 ("A visual image of the injuries [a defendant] inflicted on the victim is evidence that is relevant to the jury's determination."). Appellant was charged with aggravated assault, an element of which is serious bodily injury. TEX. PENAL CODE ANN. § 22.02(a)(1). Whether an injury is a "serious bodily injury" depends not only on the magnitude of the injury, but also on how long the injury affects the victim. "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious *permanent* disfigurement, or *protracted* loss or impairment of the function

6

of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (emphasis added). Therefore, in proving serious bodily injury, the State sought to prove the lasting effects of Briones' injuries. The photographs of Briones are probative because they make more probable that Appellant's assault caused her permanent disfigurement and protracted impairment.

Appellant further contends that the photographs are not probative because they did not depict the scene immediately after the fire as described by the neighbor's testimony. First, the cases cited by Appellant stand for the broad proposition that photographs are generally admissible "if verbal testimony about the matters depicted in the photographs would be admissible and their probative value is not substantially outweighed by any of the Rule 403 counter-factors." *Threadgill v. State*, 146 S.W.3d 654, 671 (Tex. Crim. App. 2004) (en banc). This requires an analysis of whether the testimony *would be* admissible but is not a requirement of descriptive testimony. Second, the substance of the photographs was described in testimony—not of the neighbor, but of Briones and her doctors.

**B.  Unfair prejudice**

Although the photographs were probative, the trial court could exclude them if the probative value was "substantially outweighed by a danger of . . . unfair prejudice[.]"[3] TEX. R. EVID. 403. Rule 403 does not allow the exclusion of evidence just because it is prejudicial to the defendant; all evidence that a defendant is guilty is prejudicial in this sense. To fall within the scope of Rule 403, the risk must be of *unfair* prejudice. *Maldonado v. State*, 452 S.W.3d 898, 904 (Tex. App.—Texarkana 2014, no pet.) (agreeing with Appellant that photographs prejudiced the jury against her defensive theory, but holding that they were not unfairly prejudicial because the

---

[3] The rule also allows for exclusion for "confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence," none of which are asserted by Appellant.

jury's impression "was a completely rational impression under the facts and circumstances of th[e] case"). "'[U]nfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003); *quoting Old Chief v. United States*, 519 U.S. 172, 180 (1997). "If there are elements of a photograph that are genuinely helpful to the jury in making its decision, the photograph is inadmissible only if the emotional and prejudicial aspects substantially outweigh the helpful aspects." *Maldonado*, 452 S.W.3d at 901, *citing Erazo v. State*, 144 S.W.3d 487, 491–92 (Tex. Crim. App. 2004).

In determining whether risk of prejudice outweighs the probative value of evidence, courts examine "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; [and] (4) the proponent's need for the evidence." *Erazo*, 144 S.W.3d at 489. For photographic evidence, courts consider additional factors, including "the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black-and-white, whether they are close-up, whether the body depicted is clothed or naked, the availability of other means of proof, and other circumstances unique to the individual case." *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009). Appellant argues that the photographs are unfairly prejudicial based on one of these factors— gruesomeness.

Pictures of injuries—particularly burn injuries—can be by their very nature, gruesome. That alone does not make them inadmissible. *Sonnier v. State*, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995) (en banc). If a picture does no more than show the realities of the injuries inflicted by the defendant, gruesome or not, it is admissible. *Williams*, 301 S.W.3d at 691; *Sonnier*, 913 S.W.2d at 519 ("But when the power of the visible evidence emanates from nothing more than what the

8

defendant has himself done we cannot hold that the trial court has abused its discretion merely because it admitted the evidence."). The photographs show both sides of Briones face, her arms, back, and torso completely covered in burn and surgery scars and disfigurement of her hands, ears, and mouth. While they are difficult to look at, they show no more than the damage inflicted by Appellant. They were proof that Appellant caused serious bodily injury, and not evidence to "lure the [jury] into declaring guilt" on another basis. *Old Chief*, 519 U.S. at 180.

We hold that the trial court did not abuse its discretion in finding that the probative value of the photographs is not outweighed by a risk of unfair prejudice. Appellant's Issue Two is overruled.

## CONCLUSION

Appellant failed to preserve his objection to evidence of extraneous offenses and has not shown that the trial court abused its discretion in admitting photographs. The judgment of the trial court is affirmed.

JEFF ALLEY, Chief Justice

January 29, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

9